## WALLACE v. SHREVEPORT RYS. CO.
### No. 5447.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1937.

Rehearing Denied April 30, 1937.

Writ of Certiorari and Review Denied June 21, 1937.

Jack & Jack, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

Taliaferro, Judge.

Plaintiff sues to recover damages for physical injuries, pain, and suffering experienced as the result of her accidentally falling to the floor of one of defendant's trolley cars while a passenger therein. She boarded the car in the nighttime at the intersection of Fair street with Mangum street in the city of Shreveport, paid her fare and stepped up 6 inches from the floor of the vestibule to the floor of the car proper and, according to her allegations, fell face forward and on her right side, to the floor, because the car was put in motion by a

sudden and unusual jerk. She was then 54 years of age, 5 feet and 7 inches in height, and obese, weighing 245 pounds. There were no other passengers on the car. There were no witnesses to the accident. She was to the motorman's rear and he did not see her fall. She says she holloed to him as she fell, but he evidently did not hear her. The noise made by the car starting off most probably prevented his doing so. Her groans, while upon the floor, and after the car had gone forward some 40 feet, attracted his attention to her. He took hold of her hand and offered to assist her to arise, but this she declined, for the reason, assigned by her, that she could not "stand for him to pull me up," from which we infer that she doubted her ability to lift her up and that a futile effort to do so would increase her pain. The car was then run six blocks and stopped; the motorman there telephoned from a private residence for an ambulance. She remained on the floor until the arrival of the ambulance which carried her to a sanitarium.

Defendant denies that the accident and resulting injury and damage therefrom were caused by the negligence of its motorman, and avers that the sole cause, and if not the sole cause, the proximate cause of said accident, was the fault and negligence of plaintiff herself in not exercising proper care to safely reach a seat after boarding the car. Her own negligence, in the alternative, is pleaded as a bar to recovery by her should it be found and held that defendant's servant's negligence to any extent or in any respect contributed to the accident.

Plaintiff's demand was rejected and she brings appeal.

Plaintiff testified that she lost her equilibrium and fell because the car was set in motion by a sudden and unusual jerk. This is flatly contradicted by the motorman. He testified that the current was applied in the usual manner and that the car started off smoothly; that there are eight steps in its gear and that it was running in the third one when his attention was attracted to plaintiff. This contradiction in the evidence presents a question of fact. A question of law, however, arises from the virtually admitted fact that plaintiff did fall and was injured while riding on defendant's car as a paid passenger. That question addresses itself to the burden of proof. If plaintiff's testimony stood alone, she would be entitled to judgment, for she makes it quite certain she fell because she lost her balance by the car starting up with an unusual forward motion or jerk. She had ridden on defendant's cars for several years and was well acquainted with their movements after coming to a stop and taking on passengers; and though of excessive weight, she safely boarded the car unassisted. She established by her own testimony a prima facie case of negligence against defendant by showing that she was a paid passenger on its car and was injured while thereon. The onus of proof, after the prima facie showing, strictly speaking, did not shift, but it did then devolve upon defendant to adduce proof of lack of negligence on its part sufficient in probative weight to overcome plaintiff's case, if it would escape being held liable to her in damages. The rule is clearly stated in 10 Corpus Juris 1021, 1022, as follows:

Although it has sometimes been stated that the burden of proof will shift to defendant on plaintiff making out a prima facie case, this statement is inaccurate, and, where defendant sets up a plea or answer denying its liability, the main burden of proof does not shift, but is on plaintiff throughout the case, even where a presumption of negligence exists, although where plaintiff introduces evidence sufficient to make out a prima facie case, it is then incumbent on defendant in order to prevent a recovery to introduce evidence sufficient to overcome such showing by plaintiff; but the carrier is not called on to offer evidence until facts showing a prima facie liability on its part have been proved."

The only evidence offered to rebut plaintiff's case was that of the motorman. So far as the record discloses, they are of equal credibility. There are no conclusive circumstances in the case to unbalance the scales as regards the comparative weight of their testimony. Ordinarily, in such circumstances, a plaintiff would be held to have failed to make out his case, but not so when a breach of a contract of carriage is involved.

The case of Rizzo v. New Orleans Ry. & Light Co., 7 La.App. 686, deals with this question rather fully. It was held therein as disclosed from the syllabus, that,

"When it is proven that a passenger was injured, by an instrumentality of the car-

rier, the presumption arises that the injury was due to the carrier's negligence."

Application for writ of review was denied by the Supreme Court.

The rule in this state as regards the careful handling and safe delivery of passengers was originally held to be the same as that laid down by article 2754 of the Civil Code relative to the care required in the handling and delivering of merchandise by the receiving carrier. This article reads:

"Carriers and watermen are liable for the loss or damage of the things entrusted to their care, unless they can prove that such loss or damage has been occasioned by accidental and uncontrollable events."

Under the plain language of the article, when goods or merchandise are damaged in transit, the carrier, to escape liability therefor, must exonerate itself from fault as the cause of the damage. As far back as Julien v. The Wade Hampton, 27 La.Ann. 377, this rule was definitely announced. In that case Justice Taliaferro, as the organ of the court, said:

" 'Common carriers are bound to carry their passengers safely and securely, and to use the utmost care and skill in the performance of their duties.' * * * 'And, of course, they are responsible for any, even the slightest, neglect.' * * * 'The burden of proof is on the defendants to establish that' there has been no disregard whatever of their duties, and that the damage has resulted from a cause which human care and foresight could not prevent.' "

This holding in extenso has been definitely adhered to in a long line of cases of which the following are among the most prominent, to wit: Hopkins v. New Orleans Ry. & Light Co., 150 La. 61, 90 So. 512, 19 A.L.R. 1362; Haynes v. Louisiana Ry. & Nav. Co., 140 La. 1019, 74 So. 538; Spurlock v. Shreveport Traction Co., 118 La. 1, 42 So. 575; Lehman, Stern & Co. v. Morgan's Louisiana & T. R. & S. S. Co., 115 La. 1, 38 So. 873, 70 L.R.A. 562, 112 Am.St.Rep. 259, 5 Ann.Cas. 818; Le Blanc v. Daniel E. Sweet et al., 107 La. 355, 31 So. 766, 90 Am.St.Rep. 303; Patton v. Pickles, 50 La.Ann. 857, 24 So. 290.

But in Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376, 377, the court, in one respect, expressly modified the rule first announced in the Julien Case.

The rule that the defendant carrier, to escape liability, must prove itself free from negligence as a cause of the breach of the contract of carriage, is reaffirmed, but it is further said that it is not necessary, in the discharge of this duty, to affirmatively prove the exact cause of the breach. The Lehman, Hopkins, Le Blanc, and Spurlock Cases are commented on and the court remarked that what was meant and intended to be held in those cases was that,

" * * * where a passenger was not safely carried to his destination, the burden of proof was on the carrier to show that it was free from negligence. If the language of those cases goes beyond this, then it is too broad and should be restricted."

Therefore, in view of the rule so definitely announced in these decisions, a defendant is required to prove, by a preponderance of evidence, freedom from negligence as a cause of the breach of the contract of carriage, when once the plaintiff has made out a prima facie case of negligence; and, in this respect, such a defendant is in practically the same position, after this prima facie showing has been made, as a plaintiff occupies in an ordinary tort action. He must exonerate himself from negligence and overcome the presumption against him by a preponderance of the testimony. We do not think defendant has met this burden, and conclude that plaintiff is entitled to judgment.

The lower court, in rejecting plaintiff's demand, relied principally upon Murphy v. New Orleans Public Service, Inc., 169 So. 890, decided by the Orleans Court of Appeal. The facts of that case are virtually on all-fours with the instant one. There, as here, plaintiff and the bus driver were the only persons who were present at and knew any of the facts of the accident. The court in that case simply found and held that the plaintiff had not established that the bus by an unusual and extraordinary jolting or jerking, etc., caused plaintiff to fall and be injured. The question of fact was resolved against plaintiff. Nothing is said in that opinion about the nature of the proof defendant was required to adduce to escape the inference of negligence arising from plaintiff's testimony. The Cusimano Case is not referred to, nor those therein commented on. The case appears to have been dealt with as though a contract of carriage were not involved.

The cases of Masicot v. New Orleans Ry. & Light Co., 141 La. 622, 75 So. 490, and Vincent v. New Orleans Ry. & Light Co., 134 La. 654, 64 So. 654, involve claims for damages arising from the alleged sudden and unusual starting of street cars, as is the case in Murphy v. New Orleans Public Service, Inc., supra. In both cases the court rejected plaintiffs' demands because they had not proven their cases by a preponderance of evidence. In neither case does the court refer to the rule herein discussed relative to the character of proof defendant has to offer when it has been shown by plaintiff that the contract of carriage has been violated. We do not know that the rule was urged by plaintiffs or mentioned by defendants. Plaintiff, in the Cusimano Case, sued for damages for injuries caused her by the alleged negligent starting of defendant's car while she was in the act of alighting.

█ Plaintiff fell, at length, to the floor of the car between the two parallel seats on either side of the end through which she entered. Luckily, no part of her body contacted an object before reaching the floor. The situs of subjective pains support her testimony that she fell forward but on her right side. No bones were fractured or broken. There were no bruises or abrasions of the flesh. We infer from these facts and the nature of the pains which developed in the right shoulder, right hip and knee, and their duration, that the fall was rather heavy.

She remained in the sanitarium five days and was then removed to the home of her son who resided in Shreveport. There she was confined to bed for ten days or more. After leaving the bed, by the aid of crutches she was able to go about. These were used for three months. The testimony discloses that prior to the accident plaintiff was in apparently good health, and regularly performed the household duties of the home occupied by herself, a single brother, and invalid father. She testified that at time of trial, five months subsequent to the accident, she was still unable to perform said duties; that her back pained her regularly and with greater intensity after working.

We are convinced, notwithstanding that she and others believed her physical condition to be splendid, that at the time of the accident and for two or more years prior thereto, plaintiff was afflicted with arthritis of the lower section of the spine of a serious character, and that the fall aggravated conditions due to this disease. The pains of the back and in the sacral region, following the accident, were in the main attributable to the arthritis. No good reason is shown for their continued presence other than this; and but for the arthritis plaintiff would have, in all probability, recovered fully from the effects of the accident before the case was tried. All things considered, we do not think the circumstances of the case justify a large award in damages, and that $500 will be adequate.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff, Mrs. John D. Wallace, have and recover judgment against Ed Jacobs in his capacity as receiver for the Shreveport Railways Company, in the sum of $500, with legal interest from judicial demand herein until paid, and all costs.