Mrs. Katherine Restelle, at about 8 A.M. on May 21, 1947 boarded a bus belonging to the Lake Charles Transit Company of Lake Charles, Louisiana at a point on the Deridder Highway which is U.S. Highway No. 171 between the Southern Pacific Overpass and an establishment known as the "Green Frog" which is located at the intersection of U.S. Highway 90 and Highway 171. The bus had traveled in a northerly direction on the highway approximately one block and a half after the plaintiff had boarded it when it became involved in a collision with an automobile traveling in a southerly direction on the same highway. As a result of the collision, plaintiff has filed this suit against the insurer of the Lake Charles Transit Company, viz, Fidelity Casualty Company of New York, for damages for alleged personal injuries in the sum of $6,200.00. Plaintiff's husband, Robert Frank Restelle, joined in the same suit with plaintiff in his capacity as head and master of the community, alleging he was due $184.00 for hospital expenses, medical services and doctor bills paid for the plaintiff, but he voluntarily requested that his suit be dismissed which was done.
Plaintiff alleged that the driver of the bus was negligent in that he did not keep a proper lookout and was not watching the road at the time of the accident, and plaintiff bases such negligence upon the fact that as soon as she boarded the bus the driver immediately placed the bus in operation by steering with his left hand and having his right hand extended toward plaintiff for the purpose of receiving her fare, and that the driver was, therefore, watching the plaintiff and was not watching the highway ahead, nor was he "watching where he was going."
Defendant filed an exception of no cause or right of action which was overruled and referred to the merits of the case. Defendant filed a general denial to the allegations of plaintiff's petition but admitted the occurrence of the accident and, further answering, set out its version as follows: *Page 470 
"Prior to the accident complained of by plaintiffs, the driver of the Lake Charles Transit Company bus was proceeding at an exceedingly slow speed of approximately ten miles per hour in a Northerly direction on his right side or in the East traffic lane of U.S. Highway 171, not far North of U.S. Highway 90 in Calcasieu Parish, when suddenly and without warning a car being driven by Mrs. Van Gundy in a Southerly direction on her right side or in the West traffic lane of U.S. Highway 171, turned suddenly to the East, crossing over the center line of the highway into the East traffic lane striking the same bus of the Lake Charles Transit Company."
The case was duly tried and resulted in a judgment with written reasons in favor of the defendant. From this judgment, the plaintiff has appealed.
At the beginning of the trial, counsel for defendant interposed a general objection to all evidence which was based on the same grounds as the exception of no right or cause of action. Defendant in its brief urged that the exception be maintained. It is only in this general objection that the record divulges on what ground the exception was based and, according to the objection, it was based upon the fact that the plaintiff did not allege that the insurance policy was in force at the time of the accident and as this suit is only against the insurance company it did not state a cause of action. The brief contains no argument on the exception, merely urging that it be maintained.
As to this exception, plaintiff alleged in her petition that the insurance company prior to May 21, 1947 issued a certain contract or policy of insurance in which the Lake Charles Transit Company of Lake Charles, Louisiana was named as insured, and that as a result of this policy it would insure the Lake Charles Transit Company "against loss of liability by reason of liability for damages or personal injuries under Article 2315 of the Civil Code of Louisiana, as amended, which said injuries or damages might be received by any person, including your petitioner, as a result of the negligence of any employee or agent of the said Lake Charles Transit Company, while in the performance of their duties and within the scope of their employment." Plaintiff further alleged that the "said Fidelity Casualty Company of New York City is therefore liable unto your petitioner * * * Katherine Restelle, in the full sum of Six Thousand Two Hundred ($6200.00) Dollars, together with legal interest from date of judicial demand, until paid, for the following reasons, to-wit:" Plaintiff then details her cause of action that she boarded the bus on May 21, 1947 and the bus was involved in a collision with an automobile and she was injured as a result thereof.
These allegations are sufficient to show that plaintiff has charged in her petition that the insurance policy was in force on the date of the accident. By alleging that the accident occurred on May 21, 1947 and that the policy was issued prior to that date and that on the date of the accident plaintiff was covered under the terms of the policy is practically the same as if plaintiff had alleged in simple words that the policy was in full force and effect on May 21, 1947 and that she was covered thereby. The petition sufficiently alleges a state of facts that leads to the inevitable conclusion that the policy was in force and effect on the date of the alleged accident and the exception is therefore overruled.
The record reveals that at the time of the accident the plaintiff was either paying her fare to the bus driver or had just completed paying her fare. Just prior to and at the time of the accident the bus was proceeding north in its proper lane of traffic, traveling at a rate of speed estimated at from three to twenty miles per hour by various witnesses but which we believe to be, as found by the District Judge, at ten to twenty miles per hour. A car being driven by a Mrs. Van Gundy, a nonresident, and whose testimony could not be obtained by either the plaintiff or the defendant, was proceeding south on the west side of the highway at a speed estimated at from forty to sixty-five miles per hour. When this car approached to within distances estimated at from thirty *Page 471 
to one hundred eighty feet of the bus but which has been correctly fixed at a distance of forty feet by the trial judge from the testimony in this case, Mrs. Van Gundy somehow allowed the right wheel of her car to run off of the pavement into a mud hole on the shoulder of the road. The testimony shows that it had rained the previous night and while the pavement itself was dry, the shoulder of the road in some spots was muddy. The pictures introduced in evidence show a mud hole at the point where the right front wheel of Mrs. Van Gundy's car ran off of the pavement. These pictures also show a tire track or mark coming diagonally across from this mud hole over the center line of the highway into the traffic lane of motor vehicles traveling in a northerly direction as was the bus on the day in question. When Mrs. Van Gundy steered her car back onto the pavement, there is no doubt but that she lost control of the car and allowed it to cross the highway at an angle of about 45 degrees and strike the bus. From the pictures introduced in evidence of the highway at the scene of the accident and of the car, the Van Gundy car did strike the bus at an angle, doing more damage to the right hand side of the car than to the left, although the entire front of the car and entire front of the bus received some damage. After the collision the front wheels of the bus were turned to the right and the right front wheel was off the pavement. The bus had stopped a distance of from two to four feet after the collision and had pushed the car this distance in front of it. The plaintiff contends that the bus driver was negligent in not doing some act or attempting to do some act whereby he might have avoided the accident.
It is well settled that common carriers are bound to carry their paid passengers safely and securely and to use the utmost care and skill in the performance of their duties and are responsible for any, even the slightest, neglect. Wallace v. Shreveport Rys. Co., La. App., 175 So. 86; Grant v. Baton Rouge Bus Co., La. App., 15 So.2d 123; Matthis et al. v. Texas Louisiana Coaches et al, La. App., 18 So.2d 345; Brooks v. Airline Motor Coaches, et al., La. App., 35 So.2d 786.
In the present case, we do not find that the driver of the bus was guilty of any negligence whatsoever but that the collision was caused solely by the negligence and carelessness of Mrs. Van Gundy. According to the established facts in the record, the bus driver, even though he was collecting or had just collected the fare of plaintiff, saw the Van Gundy car approaching on its proper side of the road at about a block and a half or two blocks away and at that time it was being operated under normal conditions, and it was not until it had reached a point approximately forty feet from the bus that the right front wheel of the Van Gundy car ran off of the pavement and into this mudhole, and it was almost immediately steered back onto the highway from the muddy portion of the shoulder and came diagonally at a forty-five degree angle and struck the bus. The running off of the pavement and the striking of the bus happened suddenly and practically without warning to such an extent that there was nothing that the bus driver could have done to avoid the collision. At the time the bus was being driven in its proper lane of traffic and at a reasonable rate of speed, and, from the testimony, the driver of the bus did not have sufficient time to do or attempt to do any act to prevent the collision. Had the driver stopped his bus at the moment the automobile ran off the pavement or had he pulled to the right onto the shoulder of the road at that time, neither act would have prevented the collision. It, of course, follows that if the completed act would not have prevented the accident that an attempt would have been to no avail. The trial judge reached this conclusion and was also of the opinion that the collision and resultant damages were caused solely and entirely by the reckless and negligent operation of the Van Gundy automobile, and that the Lake Charles Transit Company through its employee was in no wise negligent, even to the slightest degree.
It is, therefore, ordered that the judgment of the District Court be affirmed. *Page 472