155 So.2d 102 (1963)
Antornette D. LANDRY, Administratrix of Benita Vince,
v.
The TRAVELERS INDEMNITY COMPANY et al.
No. 5904.
Court of Appeal of Louisiana, First Circuit.
July 1, 1963.
A. J. Spedale, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, by R. J. Vandaworker, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
*103 LANDRY, Judge.
As administratrix of the estate of her minor daughter, Benita Vince, plaintiff, Mrs. Antornette Landry, instituted this action to recover damages for physical injuries allegedly sustained by said child while a passenger on a school bus operated by one Mrs. Isola M. Wales, in the City of Baton Rouge. From the judgment of the trial court dismissing her said demand, plaintiff has taken this appeal.
Named defendant in the instant action are (1) Mrs. Isola M. Wales; (2) her husband, Otis M. Wales; (3) The Travelers Indemnity Company, liability insurer of the bus driven by Mrs. Wales at the time of the purported accident.
The facts and circumstances giving rise to the instant litigation are relatively simple and may be briefly summarized as follows: On January 3, 1961, at approximately 3:00 P.M., plaintiff's daughter, Benita Vince, a child seven years of age, was a passenger on a public school bus enroute to the home of the child's maternal grandmother, Mrs. Jennie C. Demicilli. The bus, traveling easterly on Wyandotte Street stopped at the intersection of Wyandotte and Topeka Streets for the purpose of discharging Benita Vince and several of her schoolmates. Plaintiff maintains the child was seated in the bus with her books at her side preparatory to disembarking from the vehicle when the bus was brought to a sudden stop causing the child to slide forward on the seat, strike her mouth on the metal handrail of the seat ahead thereby inflicting severe injury to her mouth and front teeth.
Counsel for all parties litigant are in agreement regarding the rules of law applicable to the case at hand. It is conceded the degree of care imposed upon the operator of a school bus with respect to the children passengers thereon is the same as that owed by a public carrier for hire to fare paying passengers, namely, the highest degree of care. It is similarly acknowledged the operator of a school bus is not the insurer of children passengers but is liable to such passengers for injuries occasioned by even the slightest negligence. 13 C.J.S. Verbo Carriers § 678, page 1257; Wallace v. Shreveport Rys. Co., La.App., 175 So. 86; Mire v. Lafourche Parish School Board, La., 62 So.2d 541. Likewise, it is admitted that where a passenger is not safely transported to his destination the carrier bears the burden of proving its freedom from negligence and must overcome the presumption against it by a preponderance of evidence. Cusimano v. New Orleans Public Service, 170 La. 95, 127 So. 376; Wallace v. Shreveport Rys. Co., La.App., 175 So. 86.
In his written reasons for judgment our learned brother below found the bus driver, Mrs. Wales, was free of any negligence whatsoever and in this regard esteemed counsel for appellant maintains the trial court fell into error.
To determine whether defendants have discharged the burden incumbent upon them of establishing the absence of even the slightest negligence on the part of the driver, Mrs. Wales, an analysis of the testimony adduced upon trial is necessary.
Benita Vince testified she was a passenger on the bus and was aware the vehicle was preparing to stop at the point where she customarily disembarked therefrom to return to the home of her grandmother with whom she was living at the time. According to Benita, the bus made a sudden stop throwing her forward upon the seat and as a result she struck her mouth on the hand-rail affixed to the back of the seat immediately ahead. Her testimony reveals she was not thrown to the floor of the bus but the force of the blow was such as to cause her mouth to bleed immediately. She began to cry and was crying at the time she left the bus but she did not report the incident to Mrs. Wales as she exited near the front of the bus because she was afraid Mrs. Wales would "fuss at her". She conceded, however, Mrs. Wales had never fussed at her or any of the other children although Mrs. Wales did on occasion lecture them about *104 safety regulations, particularly concerning the rule which prohibited children standing in the aisle while the bus was in motion. Upon leaving the bus she did not report the incident to any of her acquaintances although at least one child approximately her age accompanied her part of the way from the bus stop to her ultimate destination. When she arrived at the home of her grandmother, she reported the incident to Mrs. Demicilli who immediately called Mrs. Landry, Benita's mother, who was a switch-board operator in the employ of the City Police Department.
Edgar Joseph Major, III, an acquaintance of Benita and a passenger on the bus, testified he was 12 years old at the time of the accident. On the afternoon in question he recalled observing Benita crying on the bus but did not know the cause of her emotional distress. Benita did not tell him she had struck her mouth and he knew nothing of the incident until a day or two following its occurrence. In substance he stated that on the afternoon in question the bus made a normal stop in the customary manner. He did not recall a sudden stop but related that even on a normal stop the bus was inclined to slant or tilt to the front so that if he were standing he would have to hold on to some object. The sum and substance of the lad's testimony is clearly to the effect the bus did not make a sudden or emergency stop but that it stopped in the regular manner.
Mrs. Wales testified she has had 16 years experience as a school bus driver. She acknowledged Benita was a shy, reticent child with whom it was extremely difficult to maintain verbal communication. Mrs. Wales further stated she could never get Benita to talk with her and that, whenever addressed, the child would respond by sign or gesture but would not talk. It was Mrs. Wales' custom to count the children as they boarded and left the bus at each stop in order to account for all children entrusted to her care. On the afternoon in question she observed Benita as the child passed by the driver's seat to leave the bus and was positive the child was not crying at that time. According to Mrs. Wales, no child reported the alleged accident to her and she first became aware of Benita's injury when, at approximately 3:30 P.M. that afternoon, she received a telephone call from appellant stating the child was injured on the bus. Mrs. Wales positively denied making a sudden stop and further averred the stop at the intersection of Wyandotte and Topeka Streets was made in the customary manner, that is, a slow, gradual stop without incident insofar as she is aware.
Mrs. Demicilli testified that upon returning home Benita's mouth was found to be bleeding. The child related she had been injured on the bus. Mrs. Demicilli immediately called Benita's mother who was then at work.
Appellant, Mrs. Landry, stated that upon receiving the call from her mother she immediately called Mrs. Wales and then reported the matter to the appropriate division of the police department.
Two members of the City Police Department, in substance, testified they investigated the accident on the afternoon of its occurrence. They interviewed Mrs. Wales at her home and were informed Mrs. Wales knew nothing of the alleged occurrence. With the permission of Mrs. Wales they examined the bus and found no evidence of blood or any other indication an accident occurred as related by Benita.
Predicated upon the foregoing evidence of record, we find, as did our esteemed colleague below, defendants have successfully discharged the burden incumbent upon them of establishing by a preponderance of evidence the absence of even the slightest negligence on the part of the school bus driver, Mrs. Wales.
Learned counsel for appellant strenuously contends the case at bar is on all fours with that of Wallace v. Shreveport Rys. Co., La.App., 175 So. 86, in that in the cited case defendant was held to have failed *105 to discharge the burden of proof incumbent upon it under circumstances wherein the testimony of defendant's driver was offset and contradicted solely by that of plaintiff herself. Stated otherwise, it is the contention of illustrious counsel that where the opposing parties present witnesses in equal numbers, even though the evidence does not show the slightest negligence on the part of defendant, plaintiff may nevertheless recover on the theory defendant has failed to discharge the burden of proving its freedom from even slight negligence by a preponderance of evidence. With this contention we do not agree. In essence a similar contention was rejected in Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376, wherein the Supreme Court held the burden incumbent upon carriers in such cases is the duty of showing its freedom from negligence and to discharge such burden the carrier need not necessarily establish the exact cause of the accident. We believe the rule thus established to be eminently sound and correct considering that in the absence of evidence showing even the slightest negligence on the part of the carrier there can be no recovery by a passenger because, to hold otherwise, is to constitute the carrier the absolute insurer of the safety of passengers thereby resulting in the imposition of vicarious liability. We know of no jurisdiction in which such a far reaching rule of law has been sanctioned or imposed and it appears contrary to the established jurisprudence of this state. See Cusimano v. New Orleans Public Service, Inc., supra. Moreover, assuming arguendo, the rule advocated by counsel for appellant obtained in this state, it would be without application to the case at bar considering the testimony of plaintiff's own witness, Edgar Major, III, in substance corroborates the testimony of Mrs. Wales to the effect there was no sudden stop but rather the bus was brought to a halt in a normal manner. We conclude the evidence in the case at bar clearly preponderates in favor of the conclusion the carrier was not guilty of even the slightest negligence. Defendants have successfully discharged the burden of proving Mrs. Wales' freedom from negligence and are entitled to judgment in their favor.
For the reasons hereinabove set forth, the judgment of the trial court is affirmed.
Affirmed.