# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1110

**EILEEN LADAY**

**VERSUS**

**JOHN DOE, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20081830
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

**Edward O. Taulbee  IV**
**Christopher E. Taulbee**
**Taulbee & Associates**
**P.O. Box 2038**
**Lafayette, LA 70502-2038**
**(337) 269-5005**
**Counsel for Plaintiff/Appellee:**
**Eileen Laday**

**Kenneth Wayne Jones, Jr.**
**Allison M. Ackal**
**Attorney at Law**
**P. O. Box 53290**
**Lafayette, LA 70505-3290**
**(337) 593-9062**
**Counsel for Defendant/Appellant:**
**Lafayette City-Parish Consolidated Government**

**GREMILLION, Judge.**

The Lafayette City-Parish Consolidated Government appeals a judgment in favor of Eileen Laday that awarded her damages for injuries she allegedly sustained in an incident aboard a City-Parish bus on April 10, 2007. Laday answered the appeal and asserts that the trial court abused its discretion in its award of general damages and future medical expenses and asks that we amend both amounts to award additional damages. For the reasons that follow, we affirm as amended.

## FACTS

On April 10, 2007, Laday was a passenger on a bus owned by the City-Parish and driven by Carlos Cormier. The bus had been donated to the City-Parish by a governmental entity in Missouri in the aftermath of Hurricane Katrina. Prior to the donation of the bus, a plexiglass shield or partition located above the modesty panel in front of the first seat, designed to prevent contact between passengers and the opening door, had been removed. The first seats adjacent to the modesty panel were situated such that the passengers faced the aisle rather than the front of the bus. Thus, a natural posture of the passenger in the first seat would be to place her right arm on the bar or rail that held the modesty panel in place. Laday claimed that as the door opened, she was trapped or struck by it. Her accounts of the degree and length of entrapment varied over the course of the litigation, but she never wavered in her claim that some form of contact occurred.

The day after the incident, Laday sought treatment with Dr. Michael P. Kennedy, a general practitioner in Carencro, Louisiana. She was complaining of neck and shoulder pain radiating into her right arm. Dr. Kennedy treated Laday conservatively with prescriptions and a referral for physical therapy. An MRI ordered by Dr. Kennedy demonstrated degenerative cervical disc conditions as well as a disc

herniation at the C5-6 level.

In June 2008, Laday saw Dr. Louis Blanda, a Lafayette orthopedic surgeon, who ultimately recommended that Laday undergo surgery to relieve her condition. As of the date of trial, she had not had the surgery. Dr. Blanda also related the herniation to Laday being entrapped by the bus door. Dr. Blanda opined that the cost of this surgery would run between $60,492.60 to $61,492.60.

The causal relation was disputed by Dr. Paul Fenn, an orthopedic surgeon who performed an independent medical examination of Laday at the City-Parish's request. Dr. Fenn's examination revealed some inconsistency in Laday's level of effort in muscle strength testing. He also noted that Laday's muscles had experienced no atrophy as one might expect when a muscle became denervated as a result of a disc herniation and stenosis. However, Dr. Fenn diagnosed Laday with cervical spondylosis (chronic degenerative changes) and a herniated disc. Based upon his review of Laday's medical history, and in particular the records regarding at least two past incidents in which Laday had complained of lingering cervical pain, Dr. Fenn opined that it would be difficult to pinpoint any particular incident as causing the herniated disc. On the contrary, he opined that the herniated disc was most likely the result of degenerative changes in Laday's neck, particularly in light of the fact that in the general population, excluding trauma patients, the C5-6 herniation is the most common disc herniation in the neck. Dr. Fenn did admit that the mechanism of injury Laday described was a possible cause of the disc herniation, but not a probable cause.

Following a bench trial, the trial court found that Laday had been injured by the bus door. The trial court further found that the City-Parish was bound by the high standards imposed upon common carriers and found that the City-Parish was

2

negligent in failing to replace the plexiglass barrier. Although Laday's testimony enlarged the extent and time she was entrapped, the court considered the fact that she was a diagnosed paranoid schizophrenic and found that the exaggerations were explained by her mental illness, but that some contact with the door had occurred that caused or aggravated a disc herniation to the point that it now requires surgery. Laday was awarded $60,000.00 in general damages, $24,084.56 in past medical expenses, and $60,492.60 in future medical expenses to be placed into a reversionary trust as per La.R.S. 13:5106. All sums were to carry judicial interest from the date of demand. The City-Parish appeals this judgment. Laday appeals the awards of general damages and future medical expenses as abusively low.

## ASSIGNMENTS OF ERROR

The City-Parish assigns the following errors:

1. The trial court was manifestly erroneous or clearly wrong in holding that Ms. Laday was injured in the incident at issue when the decision came down to a credibility determination between Ms. Laday and Mr. Cormier that was resolved in favor of Carlos Cormier.

2. The trial court committed legal error in not placing the interest on Ms. Laday's award for future medical expenses into the reversionary trust to be established for her future medical expenses.

Laday assigns the following errors:

1. [The trial court] abused [its] discretion in awarding the Plaintiff general damages in the amount of $60,000.00 which was abusively low.

2. [The trial court] abused [its] discretion in awarding future medical expenses in the amount of $60,492.00 which omitted additional future medical expenses proven at trial.

## ANALYSIS

The trial court's findings of credibility were not as simplistic as the City-

Parish's characterization makes them sound. What the trial court found was that, while Laday certainly magnified the degree to which she was entrapped by the bus door, it did believe that there was contact with the door. The trial court also found that Cormier could not testify that there was no contact; he simply testified that he saw nothing happen. The photographs of the bus certainly allow one to clearly envision that there could be contact between the front seat passenger and the door. Those photographs depict a very slight clearance between the modesty panel and the opened door. A passenger's arm could well be caught by the door as it opened. The medical experts agreed that Laday's herniated disc could have been caused by contact with the door, and two medical experts flatly stated that it more probably than not was.

The trial court's findings are reviewed under the manifest error standard. If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). We are further admonished by the Louisiana Supreme Court that where there is conflict in testimony, reasonable evaluations of credibility should not be disturbed. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973). We are aware that where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). We find no manifest error in the trial court's determination that those

4

inconsistencies that do exist in this case cast doubt only on the extent to which Laday was contacted by the bus door. Nor do we find manifest error in the trial court's ruling on the issues of whether an incident occurred or on its causal relationship with Laday's cervical disc herniation.

We turn now to the issue of whether the judicial interest awarded Laday on the future medical expenses component of her damages should have been ordered placed into the reversionary trust. Louisiana Revised Statute 13:5106(3)(a) provides:

> In any suit for personal injury against a political subdivision wherein the court, pursuant to judgment, determines that the claimant is entitled to medical care and related benefits that may be incurred subsequent to judgment, the court shall order that a reversionary trust be established for the benefit of the claimant and that all medical care and related benefits incurred subsequent to judgment be paid pursuant to the reversionary trust instrument. The reversionary trust instrument shall provide that such medical care and related benefits be paid directly to the provider as they are incurred. Nothing in this Paragraph shall be construed to prevent the parties from entering into a settlement or compromise at any time whereby medical care and related benefits shall be provided, but with the requirement of establishing a reversionary trust.

The statute offers no guidance as to the disposition of judicial interest on the future medical expenses component of a plaintiff's damages. The legislature did include a "statement of purpose and finding" that judgments against public entities have exceeded the ability to pay them; that the public fisc is threatened by these judgments as to pose a threat to the general health, safety, and welfare of the citizenry; and that the limitations imposed by the statute are needed to lessen the impact of judgments against governmental entities on their citizens. La.R.S. 13:5106(E).

Legal interest is mandated when prayed for or when provided for by law. La.Code Civ.P. art. 1921. Judicial interest is mandated in all cases *ex delicto*. La.R.S. 13:4203. An award of judicial interest is required on an award of future

5

economic losses. "No differentiation is made between those elements of quantum which recompense for past losses and those which recompense for future losses," at least when determining whether interest is awarded on such an element of damages. *La. Farms v. La. Dep't. of Wildlife & Fisheries*, 95-845, p. 48, (La. App. 3 Cir. 10/9/96), 685 So. 2d 1086, 1111, *writs denied*, 97-0486, 97-0507 (La. 4/4/97), 692 So. 2d 420, 422

This court has stated that the purpose of judicial interest is to compensate a victim for the opportunity costs associated with being deprived of funds to which she was entitled during the pendency of litigation. *McLaughlin v. Hill City Oil Co./ Jubilee Exxon*, 97-577 (La. App. 3 Cir. 10/8/97), 702 So2d 786, *writ denied*, 97-2797 (La. 2/13/98), 706 So.2d 994. Because Laday is only entitled to have her future medical expenses paid from the reversionary trust as they are incurred, she has suffered no loss of use of that money. The purpose behind an award of judicial interest is not furthered by paying same directly to Laday. And the purpose behind La.R.S. 13:5106 is thwarted by paying those sums directly to Laday. We therefore find that the trial court erred in ordering the payment of judicial interest on future medical expenses to Laday rather than into the reversionary trust.

A court reviewing a general damage award does so under an abuse of discretion standard. *Andrus v. State Farm Mut. Auto. Ins. Co.*, 95-0801 (La. 3/22/96), 670 So.2d 1206. This requires us to determine whether the award is below that which a reasonable trier of fact could award for the particular injury to the plaintiff under the particular circumstances of the case. *Id*. Laday cites *Cox v. Shelter Insurance Co.*, 09-958 (La.App. 3 Cir. 4/7/10), 34 So.3d 398, *writ denied*, 10-1041 (La. 9/17/10), 45 So.3d 1044, which she contends demonstrates the abusively low nature of the trial

6

court's award. We are instructed, though, that it is only after we have determined that an award was abusively low that we can look to the jurisprudence for similar awards. In *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994), the supreme court stated, "The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." While making this initial inquiry, we are specifically prohibited from using "a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case." *Id*. We find no abuse of discretion in the trial court's award.

The trial court pointed out while rendering its reasons for judgment that it was not impressed with Laday's complaints. She testified very little about her level of pain. Laday argues that the trial court should have placed greater credence on her medical records than on Laday's court testimony. We disagree, and remain mindful that the trial court heard the testimony and observed the witness's demeanor in court. Deference is afforded the trial court's damage awards for precisely the reason that the members of the appeal court were not afforded that opportunity. The trial court also heard evidence that Laday had suffered head, neck, back, and arm pain resulting from a series of accidents dating back at least as far as 1992 and had told Dr. Blanda that she still had pain from those injuries.

An award of future medical expenses is an item of special damages that can be established to reasonable mathematical certainty, if not with absolute precision. *Moody v. State Farm Mut. Auto. Ins. Co.*, 03-1594 (La. App. 3 Cir. 5/12/04), 872

7

So.2d 630, *writ denied*, 04-1465 and 04-1386 (La. 11/8/04), 885 So.2d 1137.

Laday argues that the trial court failed to consider that she will require post-operative care. The trial court awarded Laday $60,492.00, part of which represents the amount the parties stipulated to, plus the amount Dr. Blanda would charge to perform the anterior cervical discectomy and fusion. In its oral reasons, the trial court stated it was awarding this amount representing Dr. Blanda's estimate of the surgical and post-surgical care. However, the trial court awarded her the amount Dr. Blanda estimated would be required just for the surgery. Dr. Blanda testified that if Laday had the surgery, he would probably continue to see her for at least a year. He further testified that she would require physical therapy and periodic x-rays. For the trial court to fail to take those charges into account, when their need was established at trial, constitutes an abuse of its discretion.

The record reflects that Dr. Blanda charges $92.00 per established outpatient visit. During the last full year Dr. Blanda saw Laday, he was scheduled to see her nine times (several of which she failed to attend or were rescheduled). We therefore award her future medical expenses for appointments with Dr. Blanda in the amount of $828.00. Laday underwent physical therapy at Our Lady of Lourdes Hospital. Her total charges for that physical therapy totaled $1,368.00 for treatment over a period of four months. We amend the award of future medical expenses to include a like amount. The award for future medical expenses is amended to $62,688.00 to be paid into the reversionary trust.

**CONCLUSION**

The trial court's findings of fact regarding whether Laday was injured in an incident on April 10, 2007, are subject to review under the manifest error standard.

8

We find that the record reasonably supports this finding.  The trial court erred as a matter of law in ordering payment of judicial interest on Laday's future medical expenses directly to Laday rather than into the reversionary trust to be created for paying those expenses as they are incurred.  The trial court did not abuse its discretion in its award of general damages to Laday, but did abuse its discretion in its award of future medical expenses, as that award failed to consider Laday's post-operative care.  The award of future medical expenses is amended to $62,688.00 to be paid into the reversionary trust.

Costs of this appeal in the amount of $17,671.19 are taxed to the Lafayette City-Parish Consolidated Government.

**AFFIRMED AS AMENDED.**

9