# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1359

**HOPE DAUZAT, on behalf of her minor child,
JAYDEN BRADFORD**

**VERSUS**

**THE AVOYELLES PARISH SCHOOL BOARD, ET AL.**

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 11-6404-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Ronald J. Fiorenza**
**Provosty, Sadler, DeLaunay,**
**Fiorenza & Sobel, APC**
**Post Office Box 1791**
**Alexandria, LA   71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Avoyelles Parish School Board**

**Cory P. Roy**
**Post Office Box 544**
**Marksville, LA   71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Hope Dauzat**

**AMY, Judge.**

The plaintiff in this matter filed suit, alleging that her minor child had been injured while a passenger on a public school bus. After a trial, the trial court entered judgment in favor of the plaintiff, awarding general damages, special damages, and costs. The defendant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Hope Dauzat, brought this action on behalf of her minor child, Jayden Bradford,[1] seeking damages for injuries that she alleged were the result of an incident which occurred on a school bus operated by the defendant, the Avoyelles Parish School Board.[2] According to the plaintiff, on March 16, 2010, Jayden was riding home on the bus when the bus driver backed into a grassy, wet area and the bus became stuck. The plaintiff alleges that, as a result, Jayden was thrown out of his seat and that he injured his right knee. The plaintiff's testimony was that Jayden told her about the accident as soon as he came home and that his knee was red and swollen. Because Jayden's complaints did not resolve, the plaintiff testified that she took Jayden to the doctor approximately a month after the incident and that he saw a doctor approximately four times regarding his knee injury. The record also indicates that Jayden missed school approximately ten days after the alleged incident.

Contrary to the plaintiff's position, the defendant asserted that no such accident happened and, if it did, the plaintiff could not prove that Jayden's injuries, if any, were a result of the accident. In support of this contention, the school bus driver, Eugenia Lemoine, testified that, on March 16, 2010, the bus became stuck

---

[1] Jayden Bradford's first name has various spellings in the record. We adopt the spelling used in the petition.

[2] The petition indicates that the plaintiff filed suit against the Avoyelles Parish School Board and a John Doe defendant. However, according to the record, the School Board was the only defendant present at trial and judgment was only rendered against the School Board.

when she backed it into a relatively flat, wet, and grassy area. However, she testified that there was no sudden jerk or stop and that, to her knowledge, none of the children fell out of their seats as a result of the maneuver. Further, according to Ms. Lemoine, none of the children complained that they were hurt.

After a bench trial, the trial court rendered judgment in favor of the plaintiff. The trial court awarded general damages in the amount of $4,500.00, special damages in the amount of $987.16, and costs, including the cost of obtaining medical records.

The defendant appeals, asserting that:

1. The Trial Court manifestly erred by finding the defendant failed to conform his or her conduct to the appropriate standard of care.

2. The Trial Court manifestly erred by finding that the defendant's allegedly substandard conduct was a cause-in-fact of the plaintiff's injuries.

3. The Trial Court manifestly erred by finding that The Avoyelles Parish School Board was vicariously liable for the alleged injuries of the plaintiff.

**Discussion**

*Applicability of the Common Carrier Doctrine and Findings of Fact*

The heart of the defendant's first two assignments of error is that the plaintiff failed to meet her burden of proof. The defendant contends that the plaintiff failed to prove that the defendant was negligent, and that the plaintiff failed to prove that Jayden's injuries, if any, were the result of that negligence.

The defendant bases its assignments of error on its assertion that the applicable legal standard is a straightforward application of La.Civ.Code arts. 2316 and 2320 and not the common carrier doctrine.[3] A panel of this court discussed

---

[3] Although the transcript indicates that portions of the trial court's reasons for judgment were unintelligible, it appears that the trial court considered that Jayden was "a guest passenger on a school bus" in rendering judgment.

this issue in *Amos v. St. Martin Parish School Bd.*, 00-808, pp. 2-3 (La.App. 3 Cir. 12/6/00), 773 So.2d 300, 302-03, stating:

> It is well settled in our jurisprudence that the owner and operator of a school bus is classified as a "common carrier," owing a heightened standard of care to the passengers he or she undertakes to transport. *Dunn v. Gentry*, 94-1164 (La.App. 3 Cir. 4/5/95), 653 So.2d 783, *writ denied*, 95-1148 (La. 6/16/95), 655 So.2d 335; *Robertson v. Travis*, 393 So.2d 304 (La.App. 1 Cir. 1980), *writ denied*, 397 So.2d 805 (La.1981); *Bruno v. Fontan*, 338 So.2d 713 (La.App. 4 Cir. 1976). Whether termed the highest standard of care, highest degree of vigilance, care and precaution for the safety of those transported, or the strictest diligence, the duty owed by a common carrier in Louisiana to its passengers is stringent. *King v. King*, 253 La. 270, 217 So.2d 395 (1968); *Wise v. Prescott*, 244 La. 157, 151 So.2d 356 (1963); *Hopkins v. New Orleans Ry. & Light Co.*, 150 La. 61, 90 So. 512 (1921). As such, when an injury to a passenger occurs, the burden shifts to the defendant carrier to show that he or she was entirely free of even the slightest negligence contributing to the resulting injury. *King*, 253 La. 270, 217 So.2d 395; *Wise*, 151 So.2d 356; *Hopkins*, 90 So. 512. Reviewing the jurisprudence, we find the doctrine applies in all circumstances where a passenger suffers an injury when boarding, traveling aboard, or disembarking a common carrier's vehicle. *King*, 217 So.2d 395; *Dunn*, 653 So.2d 783; *Favorite v. Regional Transit Auth.*, 552 So.2d 487 (La.App. 4 Cir. 1989); *Robertson v. Travis*, 393 So.2d 304 (La.App. 1 Cir. 1980), *writs denied*, 397 So.2d 805, 806 (La.1981); *Bruno*, 338 So.2d 713; *Landry v. Travelers Indem. Co.*, 155 So.2d 102 (La.App. 1st Cir. 1963).

The record indicates that the alleged injury occurred on a school bus. Thus, the common carrier doctrine is applicable and the plaintiff only had to show that Jayden, while a passenger on the school bus, suffered an injury and failed to reach his destination safely. *Galland v. New Orleans Pub. Serv., Inc.*, 377 So.2d 84 (La.1979). Once the plaintiff shows proof of an injury to a passenger, the burden shifts to the defendant to show that it is free from negligence. *Id.*

Having addressed that initial consideration, we turn to the defendant's assertion that the trial court erred in finding that the plaintiff met her burden of proof. An appellate court reviews the trial court's findings of fact under the manifest error-clearly wrong standard of review. *Allerton v. Broussard*, 10-2071

3

(La. 12/10/10), 50 So.3d 145. After reviewing the record as a whole, if the appellate court finds that (1) a reasonable factual basis does not exist for a finding of fact, and (2) the record establishes that the fact finder is clearly wrong or manifestly erroneous, only then may the appellate court reverse a trial court's findings of fact. *Id.* In so doing, the appellate court should be mindful that "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony." *Id.* at 147. However, "where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination." *Laday v. Doe*, 10-1110, p. 4 (La.App. 3 Cir. 3/16/11), 59 So.3d 516, 520 (citing *Rosell v. ESCO*, 549 So.2d 840 (La.1989)).

Although the defendant argues that the plaintiff failed to prove that Ms. Lemoine, the bus driver, was negligent in backing the bus into a wet, grassy area, we have already determined that the common carrier doctrine is applicable in this case. Accordingly, it was not incumbent on the plaintiff to prove that Ms. Lemoine was negligent. Under the common carrier doctrine, the plaintiff only had to show that Jayden was injured and that he was a passenger on the school bus when he was injured. Once the plaintiff made that showing, the burden shifted to the defendant to show that Ms. Lemoine was *not* negligent. *See Galland*, 377 So.2d 84.

Further, the defendant asserts that *Landry v. Traveler's Indem. Co.*, 155 So.2d 102 (La.App. 1 Cir. 1963) is applicable in this case. They assert, pursuant thereto, that a plaintiff may not recover under the common carrier doctrine "where the opposing parties present witnesses in equal numbers, even though the evidence does not show the slightest negligence on the part of defendant." *Id.* at 105.

4

However, "it is not the number of witnesses which balance the scale of justice. It is the evaluation of the testimony of the witnesses which count." *Russo v. Mula*, 49 So.2d 622, 625 (La.App. 1 Cir. 1950). *See also Duhon v. Slickline, Inc.*, 449 So.2d 1147 (La.App. 3 Cir.), *writ denied*, 452 So.2d 172 (La.1984).

A review of the record indicates that the plaintiff testified that Jayden told her that he had been injured on the bus as soon as he returned home and that she observed swelling and redness in his knee at that time. According to the plaintiff, after Jayden continued to have complaints, she took him to the doctor. Medical records submitted into evidence show that Jayden was initially treated by Dr. Vincent Goux and was later seen by Dr. Darron McCann. Dr. McCann's records indicate that he diagnosed Jayden with bilateral knee contusions. The defendant's sole witness, Ms. Lemoine, testified that none of the children fell out of their seats and that no one told her that they had been hurt. However, Ms. Lemoine testified that she was unable to watch all of the children while she was backing up the bus, so she might not know if one of the children fell out of his or her seat.

In its reasons for judgment, the trial court credited the plaintiff's testimony that Jayden told her about the injury when he arrived home. There are inconsistencies in the record, e.g., the plaintiff testified that she found out about the incident as soon as Jayden returned home and Dr. McCann's records indicate that the plaintiff found out about the incident approximately a week later. However, these inconsistencies are not so contradictory for this court to find that the trial court's determination that Jayden was injured while he was a passenger on the school bus is manifestly erroneous.

Further, while Ms. Lemoine testified that there was no sudden jerk or stop when she backed into the wet, grassy area, she also testified that the bus became stuck and that she had to wait for another bus to tow her out of the wet, grassy

5

area.  Given this testimony, in addition to her testimony that she might not know if one of the children fell out of his or her seat while she was backing up, we find no error in the trial court's conclusion that the defendant failed to rebut the presumption of negligence.

These assignments of error are without merit.

*Vicarious Liability*

In its remaining assignment of error, the defendant asserts that the trial court erred in finding it vicariously liable for Ms. Lemoine's alleged negligence.  The defendant bases this on its assertion that the trial court erred in finding that the plaintiff had met her burden of proof.  As previously discussed, we find no error in the trial court's determination that the plaintiff met her burden of proof pursuant to the common carrier doctrine.  Accordingly, the defendant is vicariously liable because Ms. Lemoine was its employee and was in the course and scope of her employment at the time of the accident.  La.Civ.Code art. 2320; *Dunn v. Gentry*, 94-1164 (La.App. 3 Cir. 4/5/95), 653 So.2d 783.

This assignment of error is without merit.

**DECREE**

The judgment of the trial court in favor of the plaintiff, Hope Dauzat, on behalf of her minor child, Jayden Bradford, is affirmed in all respects.  Costs of this proceeding are allocated to the defendant, the Avoyelles Parish School Board.

**AFFIRMED.**

6