SANDERS, Justice.
 

 Ella Marie Weatherford King brought this action for damages based upon injuries sustained by her in a taxicab accident. Her father joined in the suit to assert his claim for medical expenses. Made defendants were the owner of the taxicab, Otis E. King, doing business as King Cabs, and his insurer.
 

 The district court rejected plaintiffs’ demands. On appeal, the Court of Appeal reversed and granted judgment in favor of plaintiffs against the defendants. 210 So.2d 917. Upon application of defendants, we granted certiorari to review the judgment of the Court of Appeal. 252 La. 478, 211 So.2d 335.
 

 The events which gave rise to this litigation occurred on the night of September 9, 1965, and the early morning of September 10. During this period, wind and rain accompanying hurricane Betsy lashed the Baton Rouge-Plaquemine area where the accident occurred.
 

 On September 9, Milton J. King was employed by his father, Otis E. King, as a taxi driver at Plaquemine, located about 20 miles southwest of Baton Rouge. He drove a 1963 Chevrolet Impala 4-door sedan. About 10:45 p. m., Milton J. King received a call to pick up passengers. After learning their destination was Baton Rouge, he returned to the cab stand and with his father’s approval, invited Ella Weatherford, his fiancée, to ride with him to Baton Rouge. When the taxicab left Plaquemine, radio warnings indicated that the hurricane would strike the following morning.
 

 After conveying his passengers to their destination in Baton Rouge, King began the return trip on Louisiana Highway No. 1, a hard-surfaced highway that runs from Baton Rouge, through Port Allen, to Plaquemine. At this time, the wind was blowing steadily at 46 miles per hour, with gusts up to 66.7 miles per hour. While traveling in a southerly direction toward Port Allen, the taxicab left the highway and struck a culvert. Ella Weatherford was injured. At the time of the accident, it was raining heavily and the wind was blowing at 49.5 miles per hour, with gusts up to 71.3 miles per hour.
 

 Insofar as the record discloses, the only witnesses to the accident were Milton J. King, the driver, and Ella Weatherford. About one year after the accident, they were married. Their testimony reflects
 
 *277
 
 that Milton was driving the taxicab at a speed of 50 to 55 miles per hour when the taxicab skidded on the highway. Milton lost control and the taxicab left the traveled surface of the highway. After leaving the highway, the vehicle traveled about 250 feet, plunged into a ditch, and struck a culvert.
 

 The trial judge assigned no written reasons for rejecting plaintiffs’ demands. In reversing the judgment, the Court of Appeal applied the doctrine of res ipsa loquitur. Finding no evidence to exculpate the taxicab driver from negligence, the court i granted recovery. It was primarily because of this application of res ipsa loqui- . tur that we granted review.
 

 Res ipsa loquitur is a rule of circumstantial evidence. Its applicability is determined at the conclusion of the trial. The rule applies when the facts shown suggest the negligence of the defendant as the must plausible explanation of the accident. Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162; Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; Veillon v. State Farm Mutual Automobile Ins. Co., La.App., 182 So.2d 802; Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L. Rev. 70.
 

 Res ipsa loquitur is irrelevant when the body of proof consists of direct evidence adequately explaining the occurrence and establishing the details of the. negligence charged. See Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660; Larkin v. State Farm Mutual Automobile Ins. Co., supra; Gauthier v. Liberty Mutual Insurance Company, La.App., 179 So.2d 437; Dunaway v. Maroun, La.App., 178 So. 710; and Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L. Rev. 70, 105.
 

 The evidence in the present case consists largely of the testimony of two eye-witnesses, the driver and passenger, who testified of their own knowledge as to the main facts of the accident. Consequently, the record contains a complete body of direct evidence to which the doctrine of res ipsa loquitur is foreign. The Court of Appeal, in our opinion, erroneously relied upon the doctrine.
 

 Our conclusion that res ipsa loquitur is irrelevant brings us to an appraisal of the body of evidence now before us. We must evaluate this evidence in the light of the standard of care owed by the taxicab driver to his guest passenger.
 

 Common carriers owe fare paying passengers the highest standard of care. A fare paying passenger need only show an injury in transit to establish a prima facie case of negligence. To escape liabil
 
 *279
 
 ity, the carrier must convincingly overcome this prima facie showing by evidence that it was free from fault. Wise v. Prescott, 244 La. 157, 151 So.2d 356.
 

 In the instant case, neither the passenger nor driver contemplated the payment of fare nor intended to enter into a contract of carriage. Ella Weatherford was a gratuitous guest of the driver. The driver owed her only the duty of ordinary care, that is, the care of a reasonable man under the circumstances. Morales v. Employer’s Liability Assur. Corp., 202 La. 755, 12 So.2d 804; Lorance v. Smith, 173 La. 883, 138 So. 871.
 

 The evidence establishes that the taxi operator was driving 50 to 55 miles per hour under extremely adverse conditions of road and weather. Without interference from other traffic, the operator lost control of his automobile on the highway. It left the highway, traveled about 250 feet, plunged into a ditch, and struck a culvert. The automobile was “bent up on each end like a rocker” and heavily damaged. The taxi operator later admitted to his father that he was driving too fast for the weather conditions.
 

 The defendant insurer maintains that a gust of wind blew the automobile off the highway, without negligence on the part of the driver. It asserts the accident was casued by
 
 force majeure
 
 or an act of God, for which it is not liable. It cites unsworn statements of the taxi driver and Ella Weatherford given to its insurance adjuster shortly after the accident. Both parties informed the adjuster they were traveling at a speed of 20 to 25 miles per hour, when a gust of wind suddenly blew the automobile off the highway. The parties described these exculpatory statements as an effort to save the father’s taxi insurance from cancellation.
 
 [1]
 
 We agree with the Court of Appeal that, in view of the nature of the accident, it is unlikely a gust of wind suddenly blew the automobile off the highway. We reject this contention for the lack of more substantial evidence.
 

 Extremely adverse driving conditions call for unusual caution on the part of motorists. When as here, a motorist is driving at night through a lashing rain on a slippery highway, his speed must be adjusted to the driving conditions. We conclude the taxi driver was driving at an excessive speed under the circumstances. Such speed prevented him from retaining control of his automobile under the existing conditions. The record, in our opinion, supports a finding of actionable negligence.
 

 The defendants pleaded contributory negligence of the plaintiff in leaving a place of safety to ride upon the highway during adverse weather conditions and in failing
 
 *281
 
 to warn the driver or protest as to his dangerous driving.
 

 Contributory negligence is an affirmative defense and the burden rests upon the defendant to establish it by a preponderance of the evidence. Ginlee v. Helg, 251 La. 261, 203 So.2d 714; Theunissen v. Guidry, 244 La. 631, 153 So.2d 869; D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908.
 

 At the time the taxi left Plaque-mine for Baton Rouge, the storm warnings indicated that the trip could be completed before the hurricane struck the following day. The highest sustained winds had not yet struck at the time of the accident, and other automobiles were using the highway. We find no negligence on the part of plaintiff in riding in the automobile.
 

 The duty of a guest passenger in an automobile to protect his own safety has been carefully delineated by this Court. In the landmark case of White v. State Farm Mut. Auto. Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338, we held:
 

 “It is firmly established by the above cited authorities of this Court and others of the Courts of Appeal of this State, too numerous to mention, that a guest is under no duty to supervise the driving of the vehicle and he is not obliged to look out for sudden or unexpected dangers that may arise. Albeit, he has the right to place reliance upon the driver to discharge that obligation and, as aptly expressed by the Court of Appeal, Second Circuit, in Singley v. Thomas, 49 So.2d 465, 469, ‘ * * * is not required to monitor the operation or to pay attention to the road and other traffic conditions’ in the absence of a showing that he has actual or constructive knowledge that the driver is incompetent or unfit to operate the vehicle.
 

 “On the other hand, the jurisprudence has imposed upon the guest an obligation to avoid an accident or injury to himself under certain conditions. That duty has been tersely said by this Court, in Delaune v. Breaux, supra [174 La. 43, 139 So. 753], to exist in cases where the guest ‘ * * * is aware of the fact that there is danger ahead, which apparently is unknown to the driver or may be unknown to him, or where a sudden or unexpected danger arises to the knowledge of the guest, apparently not observed by the driver * * *.’ 174 La. at page 47, 139 So. at page 755. In such situations, it is incumbent on the guest to warn the driver of the danger and, if he fails to do so at a; time when the driyer is able to avert it, his dereliction may. be said to be a contributing cause of any injury he may sustain.”
 

 See also Herget v. Saucier, 223 La. 938, 67 So.2d 543 and Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909.
 

 
 *283
 
 In the present case, the taxi driver was fully aware of all road hazards. The guest passenger was under no duty to monitor his driving.
 

 We conclude the plea of contributory negligence lacks merit.
 

 The defendants also pleaded assumption of risk. Like contributory neg-ligence, assumption of risk is an affirmative defense under Article 1005 of the Louisiana Code of Civil Procedure, and the burden of establishing it rests upon defendants.
 

 Under this plea, defendants assert the plaintiff left a place of safety and occupied the car with full knowledge of the danger of the storm. Hence, they contend she should be barred from recovery.
 

 We have found that the automobile was not blown off the highway by the storm. We find no basis for holding she assumed the risk of injury from the taxi driver’s negligent operation of the vehicle. Hence, the affirmative defense must fail.
 

 Finally, the insurer denies liability because of an alleged breach of the cooperation clause of the insurance policy by Milton King, the omnibus insured. The insurer contends that Milton King breached the cooperation clause by testifying differently from his statement to the insurance adjuster shortly after the accident, cooperating with his wife’s attorney, and colluding with his wife to establish a consistent version of the accident.
 

 Under the Louisiana Direct Action Statute, the rights of an injured third party against the liability insurer become fixed at the time of the accident or injuries, and the insured’s later breach of the policy requirements for cooperation will not vitiate coverage in the absence of proof of fraud or conspiracy. LSA-R.S. 22:655; West v. Monroe Bakery, 217 La. 189, 46 So.2d 122; Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274.
 

 A material alteration of an insured’s statement as to the cause of an accident will not of itself exonerate the insurer from liability to the injured party. Freyou v. Marquette Casualty Company, La.App., 149 So.2d 697, cert. denied 244 La. 154, 150 So. 2d 771. In the present case, the insured fully explained his reason for giving the false statement after the accident. The insurer received notice well before trial that the insured had corrected this version. The record, in our opinion, is insufficient to establish fraud or conspiracy. Hence, the insurer’s special plea must fail.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 [1]
 

 .- The record reflects that the insurance was later cancelled.