REDMANN, Judge.
Plaintiffs appeal from the dismissal on the merits of their suit for property damages resulting from a vehicular collision.
Plaintiffs’ pickup truck was in the extreme right inbound lane, and defendant’s medium-weight (Valiant) car in the extreme left, of an expressway which had four lanes in each direction. The vehicles were traveling about 35 mph in a 45-mph zone. Heavy rain was falling. Defendant admittedly lost control of his car and spun irito plaintiffs’ lane, ending athwart that lane and the adjacent emergency shoulder lane. Plaintiffs’ vehicle then struck defendant’s.
Since defendant’s lack of control was established, it became defendant’s burden to exculpate himself. He testified a gust of wind hit him, driving him to his left towards the raised, concrete median; he pulled right to avoid hitting it and skidded into the spin. The trial judge evidently believed defendant’s explanation and, unless as a matter of law it must be rejected, we are not in a position to hold this credibility determination erroneous.
Plaintiffs cite King v. King, 253 La. 270, 217 So.2d 395 (1968), as requiring rejection of the wind-gust explanation. But there the driver’s speed was 50 to 55 mph despite heavy rains and hurricane-caused winds of 49.5 mph with gusts up to 71.3 mph, and the court concluded “such speed prevented him from retaining control * >(c s{« >>
In our case the 35 mph speed (of both vehicles) does not appear to have been excessive, in ordinary heavy rain, on a controlled-access expressway. Thus King does not require rejection of defendant’s wind-gust • explanation.
Because defendant’s reaction to the wind-gust did cause plaintiff’s damages, the question is whether his action was unreasonable. We are unable to say it was; it appears to have been an almost automatic response of the kind the ordinarily prudent driver might well experience under the circumstances.
Because the trial judge accepted defendant’s testimony, which is not inherently incredible, we conclude that we must, and we do, affirm his judgment.
Affirmed.