STOKER, Judge.
This is an appeal in a suit for damages for personal injury allegedly caused by the negligence of deputies of the Calcasieu Parish Sheriffs Department in forcing John David Romero to jump over a wall.
On October 3, 1981, John David Romero attended a McNeese State University football game. He was seated in the student section and was drinking. He was involved in a fight and was ejected from the stadium and told not to return to the student section. A few minutes later he returned to the friends he had left in the student section. He was spotted by Deputy Jon Clau-sen who called Romero to the wall separating the stands from the field. Deputy Clausen instructed Romero to climb over the wall to the field. Romero sat on the wall, swung his legs over it, and jumped to the field. In doing so he injured his ankle.
Romero originally sued the Continental Insurance Company. Later Ideal Mutual Insurance Company, the liability insurer of the Calcasieu Parish Sheriffs Department, was substituted as defendant. Plaintiff John David Romero died in an unrelated accident after this suit was filed, and his widow, Cynthia Romero, was substituted as plaintiff.
The trial court rendered judgment in favor of Ideal Mutual Insurance Company dismissing the suit. It found that it was not unreasonable to require Romero to cross the wall. We agree with the judgment of the trial court.
Mrs. Romero contends the trial court erred in failing to hold the Sheriffs Department’s insurer liable where Mr. Romero was injured in jumping down from the wall in obedience to the lawful order of a deputy sheriff, the deputy believed Romero was intoxicated, and there were alternatives to jumping down from the wall. She specifically objected to a statement in the trial court’s reasons for judgment that “Deputy Clausen had a duty to the other spectators to quell the disturbance as quickly as possible.”
Mrs. Romero argues that the statement that the deputy had a duty to quell the disturbance amounts to a finding that there was a second fight going on at the time Romero was called to the wall. There was testimony by Deputy Miller that there was a second incident involving Romero just before he was called down to the wall. Whether or not there was a second fight, we agree with the trial court that Deputy Clausen was not unreasonable in requiring Romero to cross the wall.
Romero had already been in one fight. He was hostile when he was ejected from the stadium. He was told not to return to the student section. Deputy Clausen spotted him and called him down to the wall. He had him climb over the wall rather than going through a gate at the ten-yard line because Romero could have run away if allowed to go through the crowd to the gate, and in that case Clausen probably would not have been able to catch him. Clausen testified that the gate was usually locked. He did not know whether or not it was locked on the day of the accident. Clausen further testified that the reason he did not climb the wall himself and go into the stands to get Romero was that police procedure for crowd situations “is never get in the middle of a crowd by yourself, especially when there is, when there is drinking and some people are against police officers itself and the uniform.” The wall was about six feet high at the point where Romero crossed it. Clau-sen and other deputies crossed the wall during the game. Romero was twenty-four years old at the time. We cannot say the trial court erred in finding it was not unreasonable to require Romero to cross the wall.
Romero contends that res ipsa lo-quitur should be applied to raise a presumption of the deputy’s negligence. Res ipsa loquitur does not apply where there is sufficient direct evidence explaining an occurrence. Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La.1979) and King v. King, *87 253 La. 270, 217 So.2d 395 (1968). Here there was direct evidence as to how the accident occurred, both from Romero himself in his deposition and from Deputy Clausen in his testimony at trial.
We find no error by the trial court. The judgment of the trial court is affirmed and costs of this appeal are assessed to appellant.
AFFIRMED.