BRUNSON, Judge.
Appellee Ben D. Johnson brought suit on December 28, 1982, for rescission of sale and in redhibition against defendant, Pat-craft Mills, Inc., hereinafter Patcraft, for damages for faulty workmanship against defendant, Better Floors, Inc., hereinafter better known as Better Floors.
The matter arose from appellee’s purchase of carpet from Patcraft and appel- *1180 lee’s engagement of Better Floors to install the carpet.
During the latter part of 1981, appellee undertook to remodel his Shreveport funeral home. This remodeling included carpeting the enlarged facility. After purchasing the carpet from Patcraft at a price of $27,450.94, appellee agreed with Better Floors to install it, which came to a total cost of $7,645.75.
Within two to four weeks after the carpet was installed, black spots began to appear thereon, randomly, throughout the funeral home. Appellee brought suit, contending that the spots were either caused by a latent defect caused by Patcraft or that it was damaged by the fault of Better Floors in the installation process.
Trial was had before jury and, at the conclusion thereof, the jury, based upon its interrogatories, found that there was no defect in the carpet but that Better Floors failed to install the carpet in a good and workmanlike manner, thereby causing damages to the appellee. It was established on trial that much of the carpet had been laid over a black adhesive substance left after Better Floors removed old tile from the funeral home floor. The jury awarded the appellee damages in the amount of the cost of the carpet, plus the cost of installation.
The trial judge entered judgment for the appellee in this amount, and dismissed the appellee’s claim against Patcraft. Third party claims filed by Patcraft and Better Floors against each other, were also dismissed, and expert witness fees were fixed at $150.00 for Adrian Demery; $150.00 for Charles Seaman and $5,989.82 for Dr. David Hall.
Better Floors appeals from this judgment, making several assignments of error. Johnson answered, seeking an increase of damages.
ASSIGNMENT OF ERROR NUMBER 1:
At the close of plaintiff’s evidence, the defendants moved for a directed verdict against the plaintiff. The motion was denied and Better Floors now assigns this denial as error.
On review of a trial court’s action on a motion for a directed verdict, this court must recognize that the trial judge has much discretion in determining whether or not to grant such motion, and his decision will not be overturned, save for abuse of that much discretion. Vallery v. All American Life Ins. Co., 429 So.2d 513 (La.App. 3rd Cir.1983), writ denied, 434 So.2d 1091 (La.1983); Metropolitan New Orleans Chapter of the Louisiana Consumer’s League v. The Council of the City of New Orleans, et al., 423 So.2d 1213 (La.App. 4th Cir.1982), writ denied, 430 So.2d 77 (La.1983).
The trial judge exercises his discretion by observing facts and inferences. It is fundamental then, that in exercising such much discretion, the trial judge is compelled to consider all evidentiary inferences in a light most favorable to the mov-ant’s opponent, and then grant the motion only if the facts and inferences are so overwhelmingly in favor of the movant that reasonable jurors could not arrive at a contrary conclusion. Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984), writ denied, 449 So.2d 1359; King as Tutrix of King v. Commercial Union Ins. Co., 425 So.2d 358 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 146 (La.1983).
In the case before this court, counsel moved for directed verdict at the conclusion of the plaintiff’s case in chief. Exercising his discretion, the trial judge denied the motion.
The record then contained at least some evidence that plaintiff had purchased the carpet, that it had been installed by defendant, Better Floors, that that which should have been done had not been done properly by Better Floors, and that subsequently the black splotches appeared.
Accordingly, there was no abuse of discretion on the part of the trial judge. Thus the assignment of error is without merit.
*1181 ASSIGNMENT OF ERROR NUMBER 2:
The appellant timely objected to the plaintiff’s requested instruction Number 12 and presented reasons therefor. Appellant argues that this instruction was in the nature of res ipsa loquitur and that to give it was error in that the appellant did not have exclusive control of the carpet at the time that the damage occurred.
The record at Pages 453-454 indicates that the trial judge instructed the jury as follows:
“In a few exceptional cases, the circumstances involved in or connected with the occurrence are of such an unusual character as to justify, in absence of other evidence bearing on the subject, the inference that the problem was due to the negligence of the defendant. This inference may be drawn because of all the circumstances surrounding the occurrence of such a character that unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to the negligence of, or to some ommission of, the defendant’s duty. This is simply another formulation of the burden of a plaintiff to prove that more probably than not his damage was caused by the negligence of the defendant. If you believe that from the fact of the problem having occurred, and from the other evidence offered by the plaintiff, that the defendant’s negligence is the most plausible explanation for the harm which the plaintiff had suffered, you may return a verdict for the plaintiff. If, on the other hand, you are not convinced by the plaintiff’s evidence that it was the defendant’s negligence, rather than some other cause which is the most plausible explanation, you must return a verdict for the defendant.”
It is clear that the instruction is in the nature of res ipsa loquitur, but is, as to a possible verdict in favor of the plaintiff, only permissive, not compulsory. It does not purport to shift the burden to defendant but keeps it with the plaintiff.
The language of the instruction as such is critical because res ipsa loquitur is but a rule of evidence which can merely assist a plaintiff in bearing the burden of proof. It does not dispense with the burden, nor does it shift the burden to defendant. Boudreaux v. American Marine Insurance Company, 262 La. 721, 264 So.2d 621 (1972), on rehearing; Aetna Casualty & Surety Co. v. Rothman, 331 So.2d 81 (La.App. 1st Cir.1976); Walker v. Union Oil Mill, Inc., 360 So.2d 894 (La.App. 3rd Cir.1978), affirmed, 369 So.2d 1043 (La.1979). This is made clear in such instruction.
The appellant contends that “exclusive control” is indispensable to the doctrine of res ipsa loquitur and that, since it had no control at the time of the damage, the doctrine is not applicable.
The Louisiana Supreme Court, as early as 1946, recognized that exclusive control of the defendant is not always essential to the doctrine of res ipsa loquitur. Hake v. Air Reduction Sales Co., 210 La. 810, 28 So.2d 441 (1946). See also Plunkett v. United Elec. Serv., 214 La. 145, 36 So.2d 704 (1948); American Security Insurance Co. v. Griffith’s Air Con., 317 So.2d 256 (La.App. 3rd Cir.1975), writs refused 320 So.2d 915, 916 (La.1975); and Blackshere v. Kemper Insurance Co., 352 So.2d 275 (La.App. 2nd Cir.1977). Thereunder, however, it is required that the plaintiff prove freedom of fault on the part of all those through whose control the thing passed. Consequently, recognizing as it does the possibility of subsequent innocent parties, the argument that exclusive control is dispensable in application of the doctrine only where the defendant’s activity is ultrahazardous is not correct. Rather, the distinction between the ultrahazardous and the non-ultrahazardous is noted by the court in Boudreaux v. American Insurance Company, supra, footnote 6 at page 636, where Justice Tate, as organ of the court, on rehearing, dealt with the issue as follows:
“King v. King, 253 La. 270, 217 So.2d 395, 397 (1968); ‘Res ipsa loquitur is a rule of circumstantial evidence. Its ap *1182 plicability is determined at the conclusion of the trial. The rule applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the accident’. (Italics ours.)
In addition to describing this principle of circumstantial evidence, the term ‘res ipsa loquitur’ is also sometimes used to describe the burden to prove themselves not negligent required of those using dangerous substances or engaging in dangerous activities which injure others or of those under some special relationship of care to others injured through their activity. In this type of situation, the effect of the doctrine is not only to supply an element of proof but also to shift the burden onto such type of defendant to explain or pay. Malone, Res Ipsa Loquitur, 4 La.L.Rev. 70, 95-99, 103 (1941); Prosser on Torts, pp. 213, 223, 228-30 (4th ed. 1971).”
Subsequently, Judge Tate further expanded this analysis of the doctrine. Wex Malone and Res Ipsa Loquitur in Louisiana Tort Law, 44 La.L.Rev. 1397. Therein he notes: “... and the ‘exclusive control by the defendant’ criterion, a criterion which was sometimes mechanically and erroneously required before the doctrine could be invoked...” (Emphasis added.) And again in dealing with the evidentiary doctrine, properly speaking:
“... This permissible inference is not governed by any special rule and is no different in requirement than that applied to any other proof by inference. By invoking res ipsa loquitur principles to infer negligence, the tort plaintiff, who always bears the burden of ultimate persuasion in proof of his claim simply ‘has the .burden of satisfying the court that the inference [of the defendant’s negligence] that he wishes to see drawn is more plausible than any other inference that could arise’.” 44 La.Law Rev. 397 at 1399 and 1400.
The author further points out that the “doctrine” has been sometimes used to perform a more substantive function by shifting to the defendant the burden of proving that he was not negligent[1] and in imposing a strict liability species of responsibility upon a defendant.[2] It is not the substantive doctrine that we are here concerned with, but rather the evidentiary doctrine which is here applicable.
Therefore, in the ultrahazardous case, while there may be a shifting of the burden of proof to the defendant to prove themselves not negligent, this does not mean that res ipsa loquitur in an evidentia-ry sense cannot be applied in a non-hazardous situation where the facts therein shown suggest the negligence of the defendant as the most plausible explanation of the accident. The issue to be addressed should be whether the facts do so suggest, rather than merely an automatic application of a mechanical formula of exclusivity, where as here “possession” subsequent to that of defendant, Better Floors, is non-causative. This, in a permissive, not compulsory sense, was the tenor of the instruction. It did not shift the burden to defendant.
Thus, in the present case, the doctrine was not used to compel a conclusion in an ultrahazardous situation, nor to shift the burden to defendant. Instead, by the clear terms of the instruction, it was to be applied merely as an aid to the jury in its consideration of the evidence, and specifically reiterated that the burden remained upon the plaintiff to “... prove that more probably than not his damage was caused by the negligence of defendant...”. Thus, we cannot say that the giving of the instruction was error, nor that defendant had been prejudiced thereby, and we find no merit in this assignment.
ASSIGNMENT OF ERROR NUMBER 3:
The record here indicates that the plaintiff, Ben Johnson, sold the funeral home to Winnfield Funeral Home of Shreveport, Inc., on April 15, 1982, for 1,000 shares of *1183 stock of the said corporation, that being all of the authorized shares of the vendee corporation. The record further indicates that the plaintiff made two payments to defendant, Better Floors, Inc., one by check dated March 17, 1982, and the second by check dated May 21, 1982. Both checks are drawn on an account ostensibly owned by Winnfield Funeral Home, which is not the corporation referred to herein. The plaintiff owned Winnfield Funeral Home and did business in that name. Thus, the second check issued by the plaintiff was executed after the April 15 sale date to the corporation.
As a result of the mentioned sale, the defendant, Better Floors, Inc., filed an exception of No Right of Action, contending that after the plaintiffs sale to the corporation, Ben Johnson owned no interest in the matter. Thereafter, on the morning of trial, the plaintiff presented a pleading styled, “Second Amending and Supplemental Petition”, making the purchaser a party.
The exception of No Right of Action filed by defendant places at issue whether the right to recover the damages to this property remained in the individual vendor or passed to the corporate purchaser. This issue is multifaceted in that there are possible claims sounding in negligence, in redhi-bition and in breach of warranty.
As to the claim sounding in negligence, La.C.C. Art. 2315 speaks directly to the issue where it provides, in pertinent part:
“The right to recover damages to property caused by an offense or quasi offense is a property right...”
Likewise, as to the rights in redhibition and for breach of warranty, the purchaser becomes subrogated to the rights of its vendor. Aizpurua v. Crane Pool Co., Inc., 449 So.2d 471 (La.1984). Accordingly, the Exception of No Right of Action filed as against Ben Johnson was well taken since the right to recover under any theory passed to his purchaser. However, since the purchaser, Winnfield Funeral Home of Shreveport, Inc., had been made a party plaintiff by supplemental and amended petition, filed herein and proceeded without objection, the judgment as affirmed should be recast by granting judgment only in favor of such purchaser, Winnfield Funeral Home of Shreveport, Inc.
ASSIGNMENT OF ERROR NO. 4:
The appellant contends that the jury’s verdict is without basis in the evidence, and is clearly wrong. We do not agree.
The jury had the duty of finding fact based upon a reasonable factual basis. The parties presented documents, exhibits and witnesses, including two experts. The jury had the opportunity to view this complicated case firsthand, to observe the witnesses and to weigh credibility. The fact that much of the evidence was circumstantial made their role even more critical.
It is clear that the jury quite simply chose to believe, after weighing conflicting evidence, that the appellants, through some fault, caused damage to the plaintiff. Thus, unless we detect some manifest error in the jury’s conclusion, we should not disturb the findings made and the conclusions reached. Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir.1981), writ denied, 404 So.2d 277 (La.1981); Babin v. St. Paul Fire and Marine Insurance Co., 385 So.2d 849 (La.App. 1st Cir.1980), writ denied, 386 So.2d 358 (La.1980); Harris v. State, 378 So.2d 383 (La.1979).
Our review of the record reveals a reasonable factual basis for the jury’s decision. The record contains testimony that defendant, Better Floors, did not do properly what should have been done, with respect to the glue, before the carpet was laid (testimony of George Smith and Dr. Hall). There is also testimony of: (1) the wicking effect by which the glue could be gradually drawn to the surface of carpet; (2) the physical mechanics of the spread of the black staining substance by being walked upon; and (3) that the stain was the same as the glue on the floor.
Thus, there is at least a minimally adequate reasonable factual basis for the jury to find as they did. We find no manifest *1184 error in such jury finding. It was not clearly wrong.
Appellant also complains herein of a claimed abuse of discretion by the trial judge in connection with the following testimony:
“A. Well, I asked George to take one little spot a day and to see if something could be done for that one little spot toward the back. And I think they tried, and they said that a couple of days later it came right back. So ... and we were trying to see maybe something could be done to salvage it.
Q. Was it even worse when it came back?
A. No, he just said that the spot came right back.
MR. JOHNSON: I object, Your Honor. Excuse me, Mrs. Johnson. I object, because it sounds like we’re clearly getting hearsay testimony. Mrs. Johnson has said she didn’t know. She’s relating what somebody else...
A. No, I didn’t do anything myself.
THE COURT: Well, I think she’s testifying from her own knowledge. So the objection will be overruled.
Q. That’s all I have, Mrs. Johnson, thank you.”
It was the opinion of the trial judge that the testimony of the witness was not hearsay. An analysis of the record indicates, even assuming that such testimony was hearsay and that to allow it was error, such error merits no reversal of the jury’s findings; in civil proceedings, where the exclusionary rules of evidence most often go to the weight, rather than admissibility, the admission of hearsay is not reversible when, even if excluded, the result would not change. Rodrigue v. Matherne, 416 So.2d 577 (La.App. 1st Cir.1982); Pendleton v. Shell Oil Co., 399 So.2d 1276 (La.App. 4th Cir.1981), reversed on other grounds, 408 So.2d 1341 (La.1982). In this case sub judice, Mr. George Smith, the hearsay declarant, also testified. This base testimony being part of the record obviates the reversibility of such hearsay, especially where, as here, the objecting party had the opportunity to cross-examine the original declarant. Therefore, even if error, the same, under the facts here presented, was harmless.
With respect to the fixing of fees for expert witnesses, Subsection B of Section 3666 of Title 13 of the Louisiana Revised Statutes provides that the amount thereof shall be determined on the basis of testimony at the trial sub judice or by rule to show cause brought by the party in whose favor a judgment is rendered. The record of this appeal contains no such evidence of either of these alternatives being undertaken. Indeed, the parties in brief do not seriously argue otherwise. Thus, there being nothing in the record upon which to review the issue raised by the appellant, the fixing of the expert witness fees must be set aside. Rains v. Diamond M. Co., 396 So.2d 306 (La.App. 3rd Cir.1981), writ refused, 399 So.2d 623 (La.1981); cert. denied, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982).
The premises considered, along with those presented as to Assignments of Error 1 through 4, we find no merit to this Assignment of Error, other than as to the fixing of the expert fees.
Plaintiff answered appeal but did not brief the increase of damages, nor was the same argued at oral argument and, therefore, is to be treated as abandoned.
However, having determined that a setting aside of the expert witness fees is necessary, accordingly, the judgment of the trial court is amended to delete the award of the expert fees and to recast the verdict and judgment in favor of plaintiff, Winn-field Funeral Home of Shreveport, Inc., rather than plaintiff, Ben D. Johnson, and, as thus amended, is affirmed, reserving to the parties the right to file a rule to fix expert witness fees.
For the reasons given above, we affirm the judgment of the trial court in part; we amend it in part in order that the judgment be consistent with the views expressed herein. To that end we recast the judgment to read as follows:
*1185 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Winnfield Funeral Home of Shreveport, Inc., plaintiff, and against Better Floors, Inc., defendant, for the full and true sum of Thirty-Five Thousand, Ninety-Six and 69/100 ($35,096.69) Dollars, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Patcraft Mills, Inc., defendant, and against Winnfield Funeral Home of Shreveport, Inc., plaintiff, dismissing plaintiff’s demands against Pat-craft Mills, Inc.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the third party demand filed by Patcraft Mills, Inc., against Better Floors, Inc., be and the same is hereby dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the third party demand filed by Better Floors, Inc., against Patcraft Mills, Inc., be and the same is hereby dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the right to file such proceedings as are provided by law to fix expert witness fees of the expert witnesses who testified at the trial hereof be reserved to the parties herein.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Better Floors, Inc., be cast with all costs of these proceedings, both in the trial court and on appeal, including all expert witness fees.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART; AND RENDERED.

. 44 La.Law Rev. 1398 at p. 1407.

. 44 La.Law Rev. 1398 at p. 1409.