BYRNES, Judge.
Schwegmann Giant Supermarket, Inc. (hereafter referred to as Schwegmann) appeals a judgment of the district court which awarded Gerald Massey damages for personal injuries received by his minor son, Gerard, when he allegedly had his finger smashed by a freezer door in the defendant’s store. Since we find plaintiffs failed to prove their case, we reverse the judgment of the district court and dismiss plaintiff’s suit.
In this suspensive appeal Schwegmann alleges that the trial court erred in finding the plaintiffs proved their case and in awarding excessive damages of $3,500.
On May 7, 1986 at approximately 8:30 p.m., Gerilyn Massey and her minor son were shopping at the defendant store located on Broad Street in the City of New Orleans. At the time of this incident the pair were in the middle of the store in a section near the ice cream freezers. Gerard Massey was seen going to the freezer door to wait for his mother. Mrs. Massey stated that she “didn’t see actually what happened” but she was alerted by her son’s screams. She further stated that “there were other people at the compartment getting stuff out, and from what I saw his hand was slammed by another door.” She speculated that someone opened the freezer door and let it slam shut on her son’s hand. She did not know what part of the door opened and caught her son’s finger. She did not inspect the doors on the date of the accident. She claimed to have returned after the accident to inspect the freezer doors.
Following the accident some people in the store came to her son’s aid. The child sustained an injury to the middle finger of the left hand. The nail was smashed, swollen and bleeding. The incident was reported to the store manager. Mrs. Massey telephoned the child’s pediatrician who advised her to soak his hand and administer Tylenol for pain. He visited the pediatrician on the next day. The physician told Mrs. Massey that the child would probably lose his nail. It would turn black and cause pain. He gave medicine for pain. According to Mrs. Massey, the problem with the finger lasted for 2-3 months until a new fingernail formed. The child was taken to the physician three or four times during that period at a cost of $105.00.
According to Sal Danna, the director of maintenance for the defendant store, there had been no reports of a malfunctions with the freezer doors at this store. He stated that he would be advised of any defects. According to Mr. Danna the freezers were installed in 1984 and no modifications had been made to them.
Following this accident plaintiffs filed suit seeking damages for the personal injuries sustained. The plaintiff pleaded the doctrine of res ipsa loquitur and, in the alternative, the negligence of the defendant.
The trial court found that the defendant had a duty to warn the plaintiffs of the existence of a hazardous condition and found them liable for plaintiffs’ injuries on this basis.
*282 In its first assignment of error Schweg-mann’s alleges that the trial court erred in rendering judgment in favor of plaintiffs since they failed to prove the cause-in-fact of this accident and/or that any specific defect or malfunction of the freezer door existed. We agree.
In Walker v. Union Oil Mill, Inc., 369 So.2d 1043 at 1047, (La.1979), the court discussed the burden of proof required in order to establish owner liability under Civil Code Articles 2315 and 2316:
In determining an owner’s liability under Civil Code Articles 2315 and 2316 the test had been stated to be whether in the management of his property he had acted as a reasonable man in view of the probability of injury to others. Shelton v. Aetna Casualty and Surety Co., 334 So.2d 406 (La.1976). The owner and operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. In determining a particular defendant’s duty consideration should be given to the nature of the facility and the dangers presented by it. In considering a defendant’s duty to a particular person, consideration should be given to the person’s age, maturity, experience, familiarity with the premises and its dangers, and other such factors which might increase or decrease the risk of harm to that person. The duty would be greater to a person of young age and immature judgment. It would be lesser to a person with experience, knowledge and familiarity with the premises.
The plaintiffs, in their petition alleged the negligence of the defendant in “failing to properly maintain the freezer door,” “failing to maintain a reasonably safe place,” “failing to take proper and reasonable steps to insure the safety of said facilities,” and “failing to warn the petitioner of the dangerous condition.”
At the trial of this matter the sole witness presented by the plaintiff was the mother of the injured minor, Mrs. Gerilyn Massey. She admitted not seeing the accident in question. She also admitted she did not inspect the freezer doors on the date of the accident, nor did she have them inspected. Mrs. Massey merely speculated that a defect in the doors caused the accident. She stated that she had at one time seen the freezer doors pop open when someone let an adjacent door slam. She reasoned that this was the cause of her son’s accident.
In their defense, Schwegmann offered the testimony of the store’s director of maintenance. He stated that there had been no reports of a malfunctions of the freezer doors at this store.
The evidence in the record before us is simply insufficient to prove that it is more probable than not that the negligence of the defendant and/or a defect in their equipment caused the injury of Gerard Massey. The plaintiffs failed to meet its burden of proving the cause-in-fact of this accident. As such the trial court’s conclusion that the defendant had a duty to warn of any hazardous condition was in error, as plaintiffs failed to prove the existence of such a condition.
Although the plaintiffs pleaded the doctrine of res ipsa loquitur in order to establish the defendant's liability in this case we find that doctrine inapposite to these facts.
In Walker v. Union Oil Mill, Inc., supra at 1048, the Louisiana Supreme Court discussed the doctrine of res ipsa loquitur:
Res ipsa loquitur is merely a rule of circumstantial evidence whereby negligence is inferred on the part of the defendant because the facts indicate such to be the most probable cause of the injury. The real test of applying res ipsa loquitur is: Do the facts of the controversy suggest negligence of the defendant, rather than some other factor, as the most plausible explanation of the accident? Application of the principle is defeated if an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as one that it was due to his negligence. Boudreaux v. American Insurance Company, 262 La. 721, 264 *283 So.2d 621 (1972). Res ipsa loquitur does not apply if there is sufficient direct evidence explaining the occurrence and establishing the details of the negligence charged. King v. King, 253 La. 270, 217 So.2d 395 (1968).
In view of a total lack of evidence to show a defect in the freezer door, a conclusion could reasonably be drawn that the plaintiffs injured finger was due to his own actions in opening the freezer door and allowing it to close on his finger. Considering the evidence presented, this conclusion is just as reasonable as the one presented by the plaintiffs, namely that Gerard’s injury were the result of a defect in the freezer door. As such, this is not a proper case for the application of the doctrine of res ipsa loquitur.
Since we conclude that the plaintiffs have failed to prove their case, we reverse the trial court’s judgment which awarded damages to the plaintiffs.
For the reasons assigned the judgment of the trial court is reversed and plaintiff’s case is dismissed at their costs.
REVERSED.
BARRY, J., concurs with reasons.