773 So.2d 300 (2000)
Gloria AMOS, As Natural Tutrix of her Minor Daughter, Crystal Amos
v.
ST. MARTIN PARISH SCHOOL BOARD and Judy Huval.
No. 00-808.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*301 Joslyn R. Alex, Breaux Bridge, LA, Counsel for Plaintiff-Appellant.
Nora M. Stelly, Lafayette, LA, Counsel for Defendant-Appellee.
Court composed of SYLVIA R. COOKS, MARC T. AMY, ELIZABETH A. PICKETT, Judges.
COOKS, Judge.
Plaintiff, the mother of Crystal Amos, appeals a summary judgment granted in favor of defendants, St. Martin Parish School Board and Judy Huval. For the following reasons, we affirm.

FACTS
On the morning of October 27, 1997, Judy Huval, a school bus driver employed by the St. Martin Parish School Board, arrived at the Amos residence to find the *302 Amos children were not waiting outside for the bus. Huval stopped the bus to wait for the children, but when they failed to exit their residence she continued her morning route. Huval's regular bus route required that she turn left near the Amos residence and proceed down Ermine Street to pick up other children in the neighborhood. The Amos children, realizing they missed the bus, decided to cross La. Highway 686 in an attempt to board the bus as it circled the neighborhood. As Crystal Amos proceeded across the highway, she was struck by an automobile. Huval's bus was not in the vicinity of the accident when it occurred.

ASSIGNMENT OF ERROR
Plaintiff claims the trial court erred in granting defendants' motion for summary judgment. Plaintiff argues Judy Huval and the St. Martin Parish School Board breached a duty of care owed Crystal Amos in two respects: First, by leaving the Amos residence before the children boarded the bus; and, second, by not providing a safe zone of passage for Crystal to cross the highway where she expected the bus to return. Plaintiff claims the driver and the Board's failures created an unreasonable risk of harm which compromised Crystal's safety.

STANDARD OF REVIEW
We review summary judgments de novo, applying the same standard of review used by the trial courts in rendering judgments at the trial court level. Schroeder v. Bd. of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991). Summary judgment is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2). It shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. Code Civ. P. art. 966(B). There is no genuine issue of material fact and the motion shall be granted if the adverse party fails to produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-281 (La.3/14/97); 690 So.2d 41.

LAW & ANALYSIS

Common Carrier Doctrine
It is well settled in our jurisprudence that the owner and operator of a school bus is classified as a "common carrier," owing a heightened standard of care to the passengers he or she undertakes to transport. Dunn v. Gentry, 94-1164 (La. App. 3 Cir. 4/5/95), 653 So.2d 783, writ denied, 95-1148 (La.6/16/95), 655 So.2d 335; Robertson v. Travis, 393 So.2d 304 (La.App. 1 Cir.1980), writ denied, 397 So.2d 805 (La.1981); Bruno v. Fontan, 338 So.2d 713 (La.App. 4 Cir.1976). Whether termed the highest standard of care, highest degree of vigilance, care and precaution for the safety of those transported, or the strictest diligence, the duty owed by a common carrier in Louisiana to its passengers is stringent. King v. King, 253 La. 270, 217 So.2d 395 (1968); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Hopkins v. New Orleans Ry. & Light Co., 150 La. 61, 90 So. 512 (1921). As such, when an injury to a passenger occurs, the burden shifts to the defendant carrier to show that he or she was entirely free of even the slightest negligence contributing to the resulting injury. King, 253 La. 270, 217 So.2d 395; Wise, 151 So.2d 356; Hopkins, 90 So. 512. Reviewing the jurisprudence, we find the doctrine applies in all circumstances where a passenger suffers an injury when boarding, traveling aboard, or disembarking a common carrier's vehicle. King, 217 So.2d 395; Dunn, 653 So.2d 783; Favorite v. Regional Transit Auth., 552 So.2d 487 (La.App. 4 Cir.1989); Robertson v. Travis, 393 So.2d 304 (La. App. 1 Cir.1980), writs denied, 397 So.2d 805, 806 (La.1981); Bruno, 338 So.2d 713; *303 Landry v. Travelers Indem. Co., 155 So.2d 102 (La.App. 1st Cir.1963).
Plaintiff argues the common carrier doctrine applies in this case because the bus driver failed to wait for the children to exit the home; and, as an expected consequence, the children were required to cross La. Hwy 686 in an attempt to board the school bus when it returned to the area. Plaintiff contends defendants, thus, bear the burden of proving they are free from fault.
We have not discovered any statutory provision or case law which imposes a duty upon a school bus driver to wait indefinitely at a pickup site for children who are not ready to board. Although plaintiff alleges Crystal Amos, at some point, exited the residence as the bus departed, she was not injured in an attempt to pursue the departing bus. Neither does plaintiff alleged that the bus was in sight nor even in close proximity when Crystal crossed the highway and was struck by a passing vehicle. The facts presented in this case do not require application of the "common carrier" doctrine because Crystal was not within the ambit of its protection. She was neither boarding, traveling aboard, or disembarking the bus.

Duty To Provide Safe Passage Across a Roadway
As jurisprudential support for the position that defendants breached a duty to guard Crystal Amos from harm as she crossed the highway, plaintiff cites the Louisiana Supreme Court's holding in Clomon v. Monroe City School Board, 572 So.2d 571 (La.1990). In that case, the Court noted:
The process by which a child crosses an open highway to board or disembark from a school bus is charged with danger. Accordingly, the legislature has enacted the most stringent provisions feasible to safeguard the entire operation. The child, the bus driver and the motorist are constituents of this process, bound together legally and practically in a special, exigent relationship, from the moment the bus stops and signals until the child is safely across the roadway. See Westerfield v. LaFleur, 493 So.2d 600, 605 (1986). If the school bus driver and the motorist perform their duties properly, a child who crosses a typical roadway while leaving or entering an immobile signalized school bus is guarded from harm by a legal cordon during the entire time he is traversing the roadway.
Clomon, 572 So.2d at 577. Plaintiff argues Crystal Amos was protected by a legal cordon as she attempted to cross the roadway. The record clearly indicates Crystal Amos was not prompted by the school bus' presence to attempt the crossing. And, she did not rely on the school bus to stop and signal traffic to gain safe passage across the road. It is undisputed that Judy Huval's school bus was not in the area of the accident when it occurred. The protected zone of passage, contemplated in Clomon, did not exist at the time of this accident. Plaintiff, nonetheless, argues that somehow the driver's failure to wait for the children expanded the cordon or protected zone of passage spatially and temporally. They insist the duty owed by the driver to guard the children continued as they attempted to board the bus by crossing the highway, even though the bus had already departed and was not in the vicinity at the time of the mishap. Plaintiff's attempt to expand the "zone of responsibility" to fit the facts of this case, in practice, would required all school boards to instruct drivers to wait patiently and indefinitely, at every stopping point, for a child to board the bus or station employees at the sites to guard against the possibility that a child, who is not ready when the bus arrives, might decide to board it later at another stopping point. The onerous nature of imposing this virtually unlimited duty on school boards is obvious. Plaintiffs position is not supported by jurisprudence, statutory law, or common sense. The trial judge did not err in granting the Motion for Summary Judgment because *304 plaintiffs claims must fail as a matter of lawneither the Board nor driver owed a legal duty to guard Crystal from harm at the time of the accident.

DECREE
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment is affirmed. All costs of this appeal are assessed to plaintiff-appellant.

AFFIRMED.