NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0810


DEEDRA COMEAUX

VERSUS

LAFAYETTE GENERAL MEDICAL CENTER


************


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 20051199
HONORABLE PATRICK J. MICHOT, DISTRICT JUDGE


************


JIMMIE C. PETERS
JUDGE


************


Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.


AFFIRMED.

Deedra Comeaux
Post Office Box 27
Youngsville, LA  70592
(337) 856-8196
IN PROPER PERSON

Nicholas Gachassin, Jr.
The Gachassin Law Firm
Post Office Box 80369
Lafayette, LA  70598-0369
(337) 235-4576
COUNSEL FOR DEFENDANT/APPELLEE:
    Lafayette General Medical Center

PETERS, J.

The plaintiff in this matter, Deedra Comeaux, appeals the trial court grant of a summary judgment dismissing her medical malpractice suit against the defendant, Lafayette General Medical Center. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

This litigation arises from an attempt by Deedra Comeaux to obtain medical care from facilities operated by Lafayette General Medical Center (Lafayette General) during the first three days of February 2002. She asserts in her March 9, 2005 petition for damages filed against Lafayette General that she suffered damages caused by the hospital's negligence in treating her complaints.

Before filing her petition for damages, Ms. Comeaux submitted her claim to a medical review panel pursuant to La.R.S. 40:1299.47. On December 9, 2004, and after considering twenty-one filings on behalf of Ms. Comeaux and eleven filings on behalf of Lafayette General, the three physicians comprising the medical review panel (Drs. Steven Ritter, Paul Miller, and Dwayne Bergeaux) concluded that Lafayette General did not deviate from the standard of care required of healthcare providers in treating Ms. Comeaux.

On October 11, 2005, and after answering the original petition and participating in some discovery, Lafayette General filed a motion for summary judgment seeking dismissal of Ms. Comeaux's suit. In support of its motion, Lafayette General attached a number of exhibits, including affidavits of Dr. Ritter, Dr. Miller, and Dr. James B. Falterman, Jr. In their affidavits, Dr. Ritter and Dr. Miller simply reaffirmed their findings as members of the medical review panel.[1] Dr.

_____

[1]The affidavits establish that both Dr. Ritter and Dr. Miller are board certified in internal medicine. Additionally, Dr. Miller is board certified in nephrology.

Falterman's affidavit identifies him as a board certified internal medicine specialist and clinical professor of internal medicine at Louisiana State University School of Medicine in New Orleans, Louisiana. After reviewing Ms. Comeaux's medical records made available to him, Dr. Falterman did not address the issue of whether Lafayette General breached the applicable standard of care. Instead, he concluded that Lafayette General's treatment or lack of treatment was not the cause of Ms. Comeaux's subsequent medical difficulties.

Ms. Comeaux filed no response to the motion for summary judgment. Instead, at the November 7, 2005 hearing on the motion, she attempted to quote from medical records and medical correspondence to establish genuine issues of material fact. Lafayette General objected to her offerings, and the trial court sustained the objections. In her statements to the trial court, Ms. Comeaux also asserted that Lafayette General had altered medical records and had retained individuals to stalk her and to invade her privacy. She presented no evidentiary support for these assertions.

After completion of the argument, the trial court granted Lafayette General's motion for summary judgment and dismissed Ms. Comeaux's suit. Thereafter, on November 30, 2005, Ms. Comeaux filed a motion for new trial and a separate motion entitled "MOTION FOR 'RES IPSA LONQUITUR [sic].'" The trial court denied both motions without a hearing. Thereafter, Ms. Comeaux perfected this appeal, asserting the following assignments of error:

I.    The trial court erred in granting defendant/appellee's Motion for Summary Judgment and denying Plaintiff/Appellant's Motion for New Trial based on the fact that appellant was unable to present an affidavit from Dr. Roderick Clark, although she did present a letter/report from Dr. Roderick Clark, affidavits, documents and medical records proving negligence.

2

II      The trial court erred in granting defendant/appellee's Motion for Summary Judgment and dismissing plaintiff/appellant's case without considering whether or not the Emergency Medical Treatment and Labor Act (EMTALA), Article 1867 of the Social Security Act, the accompanying regulations in 42 CRF §489.24, the related requirements at 42 CFR 489.20(l), (m), (q), and (r), 42 U.S.C. 1395 dd and 42 CFR 789.20(l), (m), (q), and (r) was [sic] violated; when evidence was presented proving that EMTALA was violated.

III.    The trial court erred in refusing to consider plaintiff/appellant's admissible evidence because that evidence was not in affidavit form.

IV.     The trial court erred in finding that there were no genuine issues of triable fact.

V.      The trial court erred in failing to consider the doctrine of Res Ipsa Loquitur.

## OPINION

A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The supreme court recently discussed the law pertaining to summary judgment procedure and stated the following:

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27

3

(La.7/5/94), 639 So.2d 730, 751.  A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id*.

Louisiana Code of Civil Procedure art. 966(C)(2) provides:

(2)  The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, motion, or defense.  Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Hines v. Garrett*, 04-806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original).

In the matter before us, Ms. Comeaux will bear the burden of proof at trial. Therefore, Lafayette General need only establish that there is an absence of factual support for one or more elements essential to Ms. Comeaux's claim.

A plaintiff in a medical malpractice claim must prove the standard of care applicable to the healthcare provider, that the healthcare provider breached that standard, and that the breach was the legal cause of the damages suffered by the plaintiff.  La.R.S. 9:2794.  The record before us contains no description of the standard of care imposed on Lafayette General, but the affidavits of Drs. Ritter and Miller establish that the hospital did not breach that standard, whatever it may be. Additionally, Dr. Falterman's affidavit established that the actions of Lafayette General were not the legal cause of any damages suffered by Ms. Comeaux. Therefore, the burden shifted to Ms. Comeaux "to produce factual support sufficient

4

to establish that [she] will be able to satisfy [her] evidentiary burden of proof at trial." La.Code Civ.P. art. 966(C)(2).

We agree with the trial court that Ms. Comeaux failed in overcoming that burden. In making her arguments to the trial court, it appears that Ms. Comeaux confused assertions of fact with factual evidence. She offered no filings in opposition to the motion for summary judgment, and the remaining pleadings, answers to interrogatories, and affidavits do not establish any factual support for the essential elements of her claim. Therefore, we find no error in the trial court's grant of the motion for summary judgment.

In arguing that the trial court erred in not granting her motion for new trial, Ms. Comeaux seems to be relying on the holding in *Peters v. Hortman*, 03-2597 (La.App. 1 Cir. 10/29/04), 897 So.2d 131, *writ denied*, 04-2923 (La. 2/4/05), 893 So.2d 885. In *Peters*, the plaintiffs attempted to introduce a letter from a physician in opposition to the defendant's offerings in a summary judgment proceeding. The trial court rejected the plaintiffs' offering and granted the motion for summary judgment, dismissing the plaintiffs' suit. The plaintiffs then obtained an affidavit from a physician and attached it to a motion for new trial. After the trial court denied the motion for new trial, the plaintiffs appealed. The appellate court agreed that the trial court did not err in rejecting the letter from the physician when considering the motion for summary judgment, but concluded that the affidavit, when filed with the motion for new trial, gave rise to genuine issues of material fact and that the trial court should have granted the new trial to avoid "a miscarriage of justice." *Id.* at 136. However, unlike the situation in *Peters*, Ms. Comeaux did not file an affidavit with her motion for new trial. Thus, we find that the holding in *Peters* is distinguishable

5

from the case and hand and that therefore the trial court did not err in denying the motion for new trial.

In addressing the merits of Ms. Comeaux's motion regarding the doctrine of res ipsa loquitur, we note that the supreme court throughly discussed this doctrine in *Montgomery v. Opelousas General Hospital*, 540 So.2d 312, 319 (La.1989), and stated the following:

> The principle of res ipsa loquitur is a rule of circumstantial evidence that infers negligence on the part of defendants because the facts of the case indicate that the negligence of the defendant is the probable cause of the accident, in the absence of other equally probable explanations offered by credible witnesses. *Boudreaux v. American Insurance Co.*, 262 La. 721, 763-64, 264 So.2d 621, 636 (1972). The doctrine allows an inference of negligence to arise from the common experience of the factfinder that such accidents normally do not occur in the absence of negligence.

> Additionally, the doctrine does not dispense with the rule that negligence must be proved. It simply gives the plaintiff the right to place on the scales, "along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence" sufficient to shift the burden of proof. *Id.; Larkin v. State Farm Mutual Automobile Insurance Co.*, 233 La. 544, 551, 97 So.2d 389, 391 (1957).

> The doctrine applies only when the facts of the controversy "suggest negligence of the defendant, rather than some other factor, as the most plausible explanation of the accident. Application of the principle is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence." *Walker v. Union Oil Mill, Inc.*, 369 So.2d 1043, 1048 (La.1979); *Boudreaux v. American Insurance Co.*, 262 La. 721, 765, 264 So.2d 621, 636 (1972). The doctrine does not apply if direct evidence sufficiently explains the injury. *Walker v. Union Oil Mill, Inc., supra* at 1048; *King v. King*, 253 La. 270, 278, 217 So.2d 395, 397 (1968).

We find that the trial court did not error in rejecting this motion. The three physician affidavits clearly stated that Ms. Comeaux's damages were due to a cause or causes other than Lafayette General's negligence. Thus, the doctrine does not apply.

## DISPOSITION

We affirm the trial court judgment in all respects. We tax all costs of this appeal to the plaintiff, Deedra Comeaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.